St. Paul Fire & Marine Ins. Co. v.
Central Surety & Ins. Corp.

5-2491                                    350 S. W. 2d 685

Opinion delivered November 13, 1961.

*Riddick Riffel*, for appellant.

*Cockrill, Laser & McGehee,* for appellee.

George Rose Smith, J. Efford Freeman, Jr., an employee of Chessie's Garage, was accidentally killed on October 3, 1959. The appellant had issued a policy of workmen's compensation insurance to the employer and is prima facie liable for the death claim. The appellant contends, however, that a similar policy issued earlier by the appellee had not been effectively canceled before the accident and that the two insurance carriers should therefore be held jointly liable for the claim. Both the commission and the circuit court found that the appellee's policy had been canceled, so that the appellant was solely liable.

All the facts are stipulated. On May 8, 1959, the appellee's policy, effective for one year, was issued to the employer by Young Insurance Agency, at Osceola. On September 9, 1959, the same agency issued the appellant's policy to the employer, also effective for one year from its date of issue. On the latter date, September 9, Young and the employer signed a printed form reciting that the first policy was canceled, effective September 9. On that date Young also sent a request for cancellation to the appellee's general agent in Little Rock. Young did not at any time inform the general agent that the canceled policy had been replaced by a policy issued by another insurance carrier, the appellant.

On September 18 the general agent asked Young for a cancellation notice upon a different printed form and also informed Young that a fifteen-day notice of cancellation had to be given to the workmen's compensation commission. On September 19 Young and the employer executed the new form, again reciting that the cancellation was effective September 9. On September 22 the general agent, having received the new form, issued a notice of cancellation to the commission, stating that the policy "has. been returned to us for cancellation as of October 7, 1959." The accident occurred on October 3, which was before the cancellation date specified in the general agent's letter to the commission.

The question turns upon this language in the statute: "No contract or policy of insurance issued by a carrier under this act shall be canceled prior to the date specified in such contract or policy for its expiration until at least fifteen days have elapsed after a notice of cancellation has been sent to the Commission and to the employer, provided however, that if the employer procures other insurance within the fifteen day period, the effective date of the new policy shall be the cancellation date of the old policy." Ark. Stats. 1947, § 81-1338 (b).

In view of the proviso in the statute we think it clear that the commission's ruling was correct. The fif-

teen-day notice to the commission may be important in some instances, but it does not control the effective date of cancellation when the employer obtains other insurance within the fifteen days. In that case the effective date of the new policy is the cancellation date of the old one. Here the required notice to the commission was given on September 22. If the employer had procured other insurance on that date or within the next fifteen days the cancellation would have then become immediately effective, despite the recital in the notice that the policy was to be cancelled as of October 7—fifteen days later. It happened, however, that when the notice was given the employer had already received a replacement policy from another solvent insurance carrier. In these circumstances there is no good reason for saying that the cancellation did not take effect at least as soon as the notice was given.

We recognize the rule relied upon by the appellant, that the statute is to be construed strictly to the end that employees will not be left without the protection of insurance coverage. But the rule of strict construction should not be carried beyond the reason for its existence. The legislature was plainly concerned with the protection of employees, but it still permitted an accelerated cancellation date when other insurance had been procured. Double coverage is not contemplated. The statute contains only two substantive requirements, that notice be given and that other insurance be procured. Inasmuch as both requirements had been met on September 22 there was then no longer any reason for deferring the effective date of cancellation.

Affirmed