In the Matter of the Claim of ALFRED CLOUTIER, Respondent, *v.* GENERAL SHIP CONTRACTING Co. INC., Respondent, and STATE INSURANCE FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 8, 1963.

*George J. Hayes* and *Joseph M. Soviero* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Julian Fitch* for claimant-respondent.

HERLIHY, J. The employer was the successful bidder for a State highway construction project under the aegis of the New York State Department of Public Works, and, as part of the necessary fulfillment of the terms of the contract a workmen's compensation insurance policy was issued by the carrier, State Insurance Fund. The employer requested and the carrier furnished, as required by the Department of Public Works, a certificate of insurance which after stating the periods covered by the policy and other details not pertinent hereto, stated "that no policy * * * shall be changed or canceled until ten days' written notice has been given to the New York State Department of Public Works". It then provided: " The State Insurance Fund does not assume any liability in the event of failure to give sufficient notice ". We consider ineffective this self-serving, save-harmless clause.

It is conceded that the accident happened within the effective period of the policy, as renewed, but the carrier contends that it gave notice pursuant to section 54 of the Workmen's Compensation Law to the Chairman of the Board and the employer of its intention to cancel the policy for nonpayment of premiums within the period prescribed therein and it therefore was not on the coverage on the date of the accident to the claimant. It is further conceded by the carrier that notice was not given to the Department of Public Works pursuant to the requirement set forth in the certificate. Section 57 of the Workmen's Compen-

sation Law prohibits a State agency from issuing a permit authorizing types of work covered by the compensation law unless furnished with proof under oath — certificate — that compensation insurance coverage has been provided.

The carrier contends that, since section 57 is silent as to the need for notifying an agency when coverage is suspended, all it was required to do was to give notice pursuant to section 54 to the Chairman of the Board and the employer.

At a hearing a witness for the carrier testified that as a rule there was compliance with the provision in the certificate requiring notice as set forth therein. In answer to a question as to whether notice of cancellation of the policy here involved was sent to the Department of Public Works, he stated: "No. This was an error on the part of the record clerk of the State Fund in that no notice was sent to the certificate holder, of the Department of Public Works as to this cancellation."

A representative of the Department of Public Works testified that its policy was, upon notice of cancellation, to automatically cancel the work pursuant to the contract.

The board found that the carrier had complied with subdivision 5 of section 54 as to cancellation, but that the terms thereof were minimum requirements for cancellation and did not prevent the carrier from agreeing to additional requirements and that the carrier had made an unconditional promise to the Department of Public Works to give it notice pursuant to section 57 and that said condition became a term of the policy and that it could not be cancelled without compliance therewith.

Article 4 of the Workmen's Compensation Law, of which sections 54 and 57 are a part, is captioned "Security for Compensation" and encompasses the terms, conditions and requirements of a workmen's compensation insurance policy.

In the present factual situation, the prohibition against issuing a permit pursuant to section 57 is applicable to the Department of Public Works of the State of New York. The certificate, herein questioned and issued by the carrier, was proof of such coverage. The additional provision in the certificate that notice of change or cancellation would be given is just as necessary for the issuance of the permit, pursuant to section 57, since the intent therein is to have continuous coverage for the prescribed period set forth in the certificate. The certificate, under these circumstances, is a "supplement" to the insurance contract. (See *People ex rel. Astor Trust Co. v. State Tax Comm.*, 174 App. Div. 320, 326.)

There is a further and more salient reason why the wording of the certificate is essential to the insurance contract and bind-

ing on the carrier under the circumstances herein. Section 108 of the General Municipal Law and section 142 of the State Finance Law entitled "Workmen's compensation insurance on public works" mandate that the work contract shall contain a stipulation that the same is void unless the contractor shall secure compensation for the benefit of employees *and keep them insured during the life of the said contract*. The insurance carrier is charged with knowledge of these sections.

In *Matter of Lorer* v. *Gotham Concrete & Cement Finish Corp.* (8 A D 2d 221, 223) we held that failure of the insurance carrier to strictly comply with notice of cancellation in accordance with subdivision 5 of section 54 of the Workmen's Compensation Law did not effectively cancel the policy. In our opinion, in the present circumstances, where governmental agencies are involved, in order to effectively cancel the policy, it is necessary in addition to the requirements of section 54 to comply with the obvious intent of section 57 by notifying the State agency of the cancellation. The carrier, admittedly having failed to give such notice, did not effectively cancel the policy. The pertinent sections of the Workmen's Compensation Law, the General Municipal Law and the State Finance Law mandate that notice of intention to cancel a workmen's compensation policy be given to the governmental agency — Department of Public Works — pursuant to section 57.

The decision of the Workmen's Compensation Board should be affirmed.

BERGAN, P. J., REYNOLDS and TAYLOR, JJ., concur.

Decision affirmed, with one bill of costs to the respondents filing briefs.