LILY MAE SANDS, WIDOW OF WADE C. SANDS, EMPLOYEE v. ALBERT PIKE MOTOR HOTEL, EMPLOYER

5-4721                                434 S.W. 2d 288

Opinion Delivered December 2, 1968

*Herrod & Cole* for appellant.

*Terral, Rawlings, Matthews & Purtle* for appellee.

J. FRED JONES, Justice.   This is a workmen's compensation case questioning the constitutionality of Act 501 of the Arkansas Legislature, approved April 4, 1967.

Wade C. Sands sustained an injury to his right hand and arm, on or about March 6, 1966, while in the course of his employment by the Albert Pike Motel. He was seen by Dr. John R. Stotts on March 7, and again on March 10, at which time he was admitted to the Veterans Administration Hospital.   He remained a patient in the hospital, with the exception of one 3 day pass home, until his death on May 10, 1966.

On January 6, 1967, Mrs. Lily Mae Sands, widow of the decedent, filed claim for workmen's compensation death benefits, contending that her husband's death was caused by a pulmonary embolism resulting from the injury to his hand and arm. The referee, and the commission on review, found that Mr. Sands' death was a result of complications arising from urinary tract infection unrelated to his injury, and the claim was denied by the referee and by the commission on review.

On August 9, 1967, an appeal was filed in the Pulaski County Circuit Court.   On September 1, 1967, the circuit clerk assigned the case to the third division of the circuit court and on December 5, 1967, the case was docketed for nonjury trial on March 3, 1968. On March

28, 1968, judgment was entered by the Pulaski County Circuit Court as follows:

"It appearing that sixty days or more has elapsed since the record of this case from the Workmen's Compensation Commission was filed in this Court, it is hereby ordered and adjudged that the Order of the Workmen's Compensation Commission is affirmed, in accordance with the provisions of Arkansas Statutes 81-1325."

Act 501 of the Acts of Arkansas for 1967, Ark. Stat. Ann. § 81-1325 (Supp. 1967), amended paragraph (b) of section 25 of Initiated Measure No. 4 of 1948 (Ark. Stat. Ann. § 81-1325 [Repl. 1960]) by re-enacting subsection (b) with the amendment included. Except for the enacting clause, the entire act, with the amendment in parenthesis, is as follows:

"AN ACT to Amend Paragraph (b) of Section 25 of Initiated Measure No. 4 of 1948 [Ark. Stats. 81-1325 (b)] to Provide That Appeals From the Workmen's Compensation Commission Shall be Affirmed by Law at the End of Sixty (60) Days Unless Decided by the Circuit Court Before That Time.

\* \* \*

SECTION 1. Paragraph (b) of Section 25 of Initiated Measure No. 4 of 1948 Arkansas Statutes 81-1325 (b) be and the same is hereby amended to read as follows:

([b] Effective date—Award of full Commission—Appeal. A compensation order or award of the full Commission shall become final unless either party to the dispute shall, within thirty (30) days from the receipt by him of the order or award, petition in writing for an appeal to the circuit court of the county in which the accident occurred or, if the accident occurred outside the State, in the coun-

ty where the original hearing was had. Such appeal to the circuit court may be taken by filing in the office of the Commission, within thirty (30) days from the date of the receipt of the order or award of the full Commission, a notice of appeal, whereupon the Commission under its certificate shall send to the court all pertinent documents and papers, together with a transcript of evidence, the findings and orders, which shall become the record of the cause. Upon the appeal to the circuit court no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the Commission, within its powers, shall be conclusive and binding upon said court. The court shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the order or award, upon any of the following grounds, and no other:

1. That the Commission acted without or in excess of its powers.

2. That the order or award was procured by fraud.

3. That the facts found by the Commission do not support the order or award.

4. That there was not sufficient competent evidence in the record to warrant the making of the order or award.

Appeals from the circuit court shall be allowed as in other civil actions. Appeals to the Circuit or Supreme Court shall have precedence over all other civil cases except election contests *and if at the end of 60 days from the date the record of the Commission is filed in the Circuit Court as hereinabove provided, said Circuit Court has not modified, reversed, remanded for rehearing, or set aside*

*the order or award as hereinabove provided, the order or award of the Commission shall be deemed to be affirmed by law and the Court shall enter its order to that effect.* In all appeals the costs thereof shall be assessed as provided by law in civil cases. The Commission may require a bond from either party, if it deems necessary, in cases appealed to the Court.) APPROVED: April 4, 1967." (Emphasis supplied to designate change.)

It is obvious that Act 501 was intended to eliminate long delays in final disposition of compensation cases in the circuit courts on appeal. Notwithstanding the provision in the act that "appeals to the circuit or Supreme Court shall have precedence over all other civil cases except election contests," it is a matter of comman knowledge and judicial record, as well as obvious legislative concern, that many workmen's compensation cases rest in litigation an unconscionable length of time before final decision. (See concurring opinion of Mr. Justice Cobb in *Bottoms Baptist Orphanage* v. *Johnson,* 240 Ark. 175, 398 S.W. 2d 544.) It is also a matter of common knowledge that compensation claimants are least able financially to endure such delays.

The circuit courts are not merely charged with the duty of affirming or reversing workman's compensation cases on appeal. While circuit courts review only questions of law in compensation cases on appeal, they may modify, reverse, remand for rehearing, or set aside the order or award upon the grounds that the commission acted without or in excess of its powers; that the order or award was procured by fraud; that the facts found by the commission do not support the order or award, or that there was not sufficient competent evidence in the record to warrant the making of the order or award. The duties and authority of the circuit courts in compensation cases on appeal go further than merely affirming or reversing the orders and awards of the commission. *St. Paul Fire & Marine Ins. Co.* v.

*Central Surety & Ins. Corp.*, 234 Ark. 160, 350 S.W. 2d 685, is a good example. Appeals from the circuit court to this court shall be allowed in compensation cases as in other civil actions.

We deem it unnecessary to point out that Arkansas, as well as the other states, has three separate and distinct departments of government with separate and distinct functions, and that the legislative, executive and judicial departments are entirely separate and independent of each other.

There is no question that the legislature may limit or withdraw judicial jurisdiction conferred by legislative act, and there is no question that the legislature may amend the compensation law in any manner it deems proper. But once an appeal from the Workmen's Compensation Commission has been lodged in the circuit court, it becomes subject to the constitutional jurisdiction of the judiciary the same as any other case properly filed in a judicial tribunal, and its judicial course or final disposition is not subject to legislative determination. So the question here is whether the legislature, by the terms of Act 501 of 1967, has encroached upon the separate constitutional powers, functions and duties of the judiciary, and we conclude that it has.

We readily recognize, and thoroughly appreciate, the problem the legislature was attempting to solve by the enactment of Act 501 of 1967. The problem of delay in workmen's compensation cases on appeal, or at any other point along the line of final determination, is a serious matter and may be, in some instances, absolutely inexcusable. Justice delayed in a workmen's compensation case is indeed justice denied. If an injured and disabled workman is entitled to workmen's compensation benefits, he needs the benefits, and if he is not entitled to benefits, he needs to know it so that he can make other arrangements for the payment of his grocery and medical bills. A claimant's attorney is

not entirely exempt from responsibility in a compensation case. He is never exonerated from due diligence in prosecuting an appeal of a workmen's compensation case in the circuit court. He has no right or reason to fear an adverse decision by reminding the trial court that the case is pending and requesting early disposition.

Now returning to the specific question before us, the problem of court delay is not peculiar to Arkansas alone. The problem has arisen in other states with the same or similar legislative effort at solution and with the same or similar results that we reach here.

The Georgia legislature enacted a statute providing for the issuance of certiorari unless application therefor was refused in 90 days. Held: Unconstitutional as invasion of judicial power. *Holliman* v. *State,* 175 Ga. 232, 165 S.E. 11.

In Oklahoma an initiated act provided for the trial of certain cases relating to tax assessments within ten days after issues joined, and for appeals within ten days from judgment. Held: Unconstitutional as usurpation of judicial powers. *Atchison, T. & S. F. Ry. Co.* v. *Long,* 122 Okla. 86, 251 P. 486.

An Indiana statute provided that any issue of law or fact submitted to a court for trial and taken under advisement should be decided within 60 days and if not decided within 90 days, the judge should be disqualified and a special judge appointed. Held: Unconstitutional. *State Ex. Rel. Kostas* v. *Johnson,* 224 Ind. 540, 160 ALR 1118, 69 N.E. 2d 592.

The Ohio legislature enacted a penal statute with a provision that a writ of error to reverse a conviction for violation of the act, or to reverse a judgment affirming such conviction, could only be filed after leave granted by the reviewing court. The act then provided

that such petition "shall be heard by such reviewing court within not more than thirty court days after filing such petition in error." In holding the act unconstitutional the Supreme Court of Ohio, in *Schario* v. *State*, 105 Ohio 535, 138 N.E. 63, said:

"True, the general subject-matter of procedure by the parties to the cause, prescribing the manner of invoking the jurisdiction, the pleadings, and the time within which the jurisdiction shall be invoked, in short, the adjective law of a case, has always been regarded within the proper province of legislative action, yet the legislative branch of the government is without constitutional authority to limit the judicial branch of the government in respect to when it shall hear or determine any cause of action within its lawful jurisdiction.

Whether or not justice is administered without 'denial or delay' is a matter for which the judges are answerable to the people, and not to the General Assembly of Ohio."

The amendment contained in Act 501 simply affirms a compensation case in the circuit court after it has been on file for 60 days and makes it mandatory on the court to enter an order to that effect. This we hold to be an unconstitutional exercise of a judicial function by the legislative branch of the state government and as laudable as the purpose intended may be, we hold that the act is unconstitutional and void.

This cause is remanded to the circuit court for disposition on its merits.

Reversed and remanded.

BYRD, J., concurs.

GEORGE ROSE SMITH and FOGLEMAN, JJ., dissent.

GEORGE ROSE SMITH, J., dissenting. It is a basic rule, essential to orderly procedure, "that before an erroneous declaration or application of law by a trial court can avail a party on appeal, he must show that he was prejudiced thereby." *National Union Fire Ins. Co.* v. *School Dist. No.* 60, 141 Ark. 547, 199 S.W. 924 (1917).

That showing has not been made here. The appellant has not abstracted any of the testimony taken before the Compensation Commission. In fact, on *this* appeal she makes no contention that the Commission's decision was wrong. If, upon remand, the circuit court affirms the Commission's action on its merits, the appellant will presumably bring a second appeal to this court, requiring us to hear the case piecemeal.

Of course the situation would be different if the circuit courts tried compensation cases *de novo,* so that a summary affirmance would infringe a claimant's substantive right to a hearing. But, under our statute, the circuit court tries the case upon the record made before the Commission. We review it in exactly the same way. Hence, if needless appeals are to be avoided, a case such as this one could and should be presented to us on its merits upon the first appeal, with the constitutionality of Act 501 presenting merely a preliminary procedural issue. I would affirm the judgment.

FOGLEMAN, J., joins in this dissent.