EDITH ANN GILL, WIDOW OF HARROLL GILL,
DECEASED *v.* OZARK FOREST PRODUCTS,
INC., EMPLOYERS MUTUAL LIABILITY
INS. CO. OF WISCONSIN

73-256                                                504 S.W. 2d 357

Opinion delivered January 28, 1974

*Niblock, Hipp & Odom,* for appellant.

*Putman, Davis & Bassett,* for appellees.

FRANK HOLT, Justice. Appellant's husband was accidentally killed during the scope of his employment with appellee Ozark Forest Products, Inc. Admittedly, the claim is compensable. The appellee insurance carrier began paying appellant widow $22.38 per week and the balance of the benefits was paid to the six minor children of the deceased by a previous marriage. On appeal the widow contends that the commission, affirmed by the circuit court, should have awarded her a greater weekly sum and, further, she was entitled to a lump sum settlement which the commission denied. We first consider appellant's contention that she was entitled to a greater weekly award of benefits.

Appellant, the deceased, seldom worked a full five day week. This was due to the nature of his employment, the timber industry, which made work available to him subject to weather conditions as well as the timber supply. The number of days per week worked by the deceased was unpredictable. There was no guarantee of a full work week. However, the decedent always worked whatever number of hours available to him.

The commission, based upon the referee's findings, made their award based on the previous 52 week period as follows: the commission ignored 18 two or three day work weeks as well as a single one day work week; it then utilized only the balance of 33 four and five day work weeks performed by the deceased. The earnings for those 33 weeks totalled $2,109.50 which produced an average weekly wage of $63.93. The compensation rate is 35% of that figure or $22.38 per week benefits for the appellant widow. Appellee makes the argument that the com-

mission was most generous inasmuch as it discarded all of the two and three day work weeks.

Appellant, however, asserts that the award should have been based on a full week's pay or $80 per week which would result in $28 per week in benefits for her ($80 x .35 = $28). Appellant relies upon the first part of the statute, Ark. Stat. Ann. § 81-1312 (Repl. 1960), which reads:

> Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of accident, and in no case shall be computed on less than a full time work week in the employment.

Appellee avers that the award was proper and invoked as controlling the latter part of the statute, which reads:

> If, because of exceptional circumstances, the average weekly wage cannot be fairly and justly determined by the above formulas, the Commission may determine the average weekly wage by a method that is just and fair to all parties concerned.

Neither party appears to contend that the other alternative provision in the statute, piece basis employment—dollars per ton, per pound, per square foot, is applicable.

The statute at first blush may appear inconsistent and ambiguous. However, we are familiar with the legislative intent in this area and we hold that the first part of the statute relied upon by appellant is clear and controlling in the case at bar. It is undisputed that the decedent's "contract of hire in force at the time" of his accident was based upon the agreed payment of $2 an hour, eight hours a day and a five day (40 hour) work week whenever work was available. He always worked when needed. In these circumstances, the statute clearly requires that a fulltime work week must be used as a basis for computing the benefits. Furthermore, it is well established in workmen's compensation cases that when doubt exists we must remember the Workmen's Compensation Act

is remedial and should be construed liberally to effectuate its purpose.

Although this case marks our initial interpretation of the problem under the present act, we note that our decision is not a novel one. We refer to our earlier Workmen's Compensation Act, Act 319 § 12, Acts of Ark. (1939), which provided:

> Except as otherwise specifically provided, the basis for compensation under this Act shall be the average weekly wages earned by the employee at the time of the injury, such wages to be determined from the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by fifty-two; *but if the injured employee lost more than seven days during such period, although not in the same week, then the earnings for the remainder of such 52 weeks shall be divided by the number of weeks remaining after the time so lost has been deducted.* (Emphasis added.)

The result of that process, in the case at bar, would be to compensate the widow based on a full work week's pay, just as the present statute does.

In interpreting the Act of 1939, the predecessor of our present act, the court in *Mack Coal Co. v. Hill,* 204 Ark. 407, 162 S.W. 2d 906 (1942), was concerned with benefits for coal miners who did not work in the summer months. The coal miner was a seasonal laborer just as the timber worker is here. There we said:

> In case of doubt, recourse is had to the average an employee has earned during a fixed period. But where, as in the cases here, uniformity prevails, and the worker's capacity to earn is equal to what he did earn when employment was available, it is harsh to apply a strict rule of exclusion, the effect of which is to diminish a known basic rate of pay.

The court also characterized Act 319 as remedial and to

be construed liberally to effectuate its purpose and further said that since:

> . . . § 12 is the so-called yardstick by which compensation is to be measured, we cannot agree that periods of non-operation are not to be counted as lost time, thereby reducing the divisor to the number of weeks remaining, as contrasted with fifty-two.

As previously indicated, appellant widow's benefits should be computed on a fulltime work week. See also *Lexington Mining Co.* v. *Richardson,* 286 Ky. 418, 150 S.W. 2d 889 (1941).

However, we cannot agree with appellant's contention that the commission erred in not granting her request for a lump sum settlement as to her portion as a claimant. § 81-1319 (K) extends to the commission the authority to grant lump sum compensation "whenever the commission determines that it is for the best interests of the parties. . . ." The statute extends to the commission broad discretionary powers in granting lump sum settlements.

Appellant acknowledges that lump sum settlement is an extraordinary remedy that must be used sparingly. If there is substantial evidence to support the decision of the commission, we must affirm. *St. Michael Hospital and Argonaut Ins. Co.* v. *Wright,* 250 Ark. 539, 465 S.W. 2d 904 (1971). Appellant testified that if she were given a lump sum settlement she would pay off her debts and buy a mobile home. Her testimony indicates that would involve an expenditure of almost $7,000 of a proposed lump sum award of almost $17,000. The payment of attorney's fees, debts, and the purchase of the mobile home would take approximately one-half of the lump sum settlement. The commission might very well determine this to be against her own best interests. Her testimony reveals no plan to utilize the money for training or rehabilitation. Of course, should she die or remarry after an award of a lump sum settlement, the resulting increased benefits to the deceased's minor children would be affected. They are "parties" to this action with a definite interest and their mother objected to the settlement. We

cannot say that the denial of appellant's request for a lump sum payment constituted an abuse of discretion on behalf of the commission or the commission's action is not supported by substantial evidence. Certainly, the legislature entrusted the commission with the power and authority to determine the issue.

For the error indicated, the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Affirmed in part and reversed in part.

HARRIS, C.J., not participating.