Winfred STILES *v.* REYNOLDS METALS
COMPANY and LIBERTY MUTUAL INSURANCE
COMPANY

77-338                                    564 S.W. 2d 520

Opinion delivered April 24, 1978
(Division II)

322

*Youngdahl, Larrison & Agee,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

DARRELL HICKMAN, Justice. The only issue on appeal of this Workers' Compensation case is the failure of the commission to award Winfred Stiles a lump-sum settlement.

Winfred Stiles was awarded permanent total disability payments in September, 1975. He filed a claim with the commission to receive some $39,000 in benefits in a lump-sum. The commission denied the claim; that decision was affirmed by the Circuit Court of Saline County.

Stiles' benefits are $49.00 a week. In addition to his compensation he is receiving retirement pay and social security. Stiles wisely invested his money and has increased his net worth since he started receiving benefits. In fact, he had several thousand dollars in the bank. Stiles testified that he would like to receive a lump-sum settlement so that he could manage the money rather than receiving it weekly. Stiles offered to either place the bulk of the money in certificates of deposit or in a trust account.

The majority of the commission found it was not in Stiles' best interest to receive a lump-sum settlement. The commission is granted broad discretionary powers in approving lump-sum settlements. On review we look to see if that discretion has been abused and if there is substantial evidence to support the decision of the commission. *Gill* v. *Ozark Forest Products,* 255 Ark. 951, 504 S.W. 2d 357 (1974). We do not decide what we would do in such cases; that is the function of the commission, which must administer the claim of the workers.

The commission is in a position to study the problems of workers and to insure that the act is fairly administered. We cannot say in this case that the commission abused its discretion or that there was no substantial evidence to support the decision of the commission. Therefore, we affirm.

Affirmed.

We agree: HARRIS, C.J., and BYRD and HOWARD, JJ.