CITY OF WALDO *v.* Peggy POETKER et al

81-214                                    628 S.W. 2d 329

Supreme Court of Arkansas
Opinion delivered March 1, 1982

*David B. Simmons,* Public Employees Claims Div., Ark. Insurance Dept., for appellant.

*Tom Forest Lovett, P.A.,* for appellees.

JOHN I. PURTLE, Justice. This involves a workers' compensation claim by the survivors of two employees of the city of Waldo, Arkansas. The administrative law judge ruled that there was "coincidental" and "dual" coverage between Home Insurance Company and the State of Arkansas Workers' Compensation Fund. The state fund has appealed from the decision.

The Court of Appeals affirmed the action of the Workers' Compensation Commission in holding there was dual coverage at 3 Ark. App. 12, 621 S.W. 2d 491 (1981). This was a case of first impression and decided by a 3-3 vote in the

Court of Appeals thereby affording this court the opportunity to grant certiorari. We affirm the holdings of the Court of Appeals and the Arkansas Workers' Compensation Commission.

On appeal it is argued that the Commission erred in (1) determining that the legislature intended to automatically include all city employees unless there was strict compliance with Act 469 of 1973 and (2) that the Commission erred in determining that the failure of the city of Waldo to strictly comply with the law mandates a finding of "coincidental" or "dual" coverage. We disagree with the appellant on both. arguments.

The facts are undisputed. The General Assembly passed Act 469 of 1973 which is now codified as Ark. Stat. Ann. § 81-1350 et seq. (Repl. 1976). The act was effective July 1, 1974. The chief purpose of the act is to provide workers' compensation coverage for all city employees in cases where the city does not furnish a private plan providing similar benefits. In the event a city elects to provide a private plan it is required by the act to submit the plan for approval to the Workers' Compensation Commission in order that it might be certified as comparable to the state plan. The city can also avoid coverage under the state plan by calling a referendum wherein the employees could elect not to be covered by the Arkansas Workers' Compensation Act. In the present case the mayor of the city of Waldo notified the Workers' Compensation Commission that the city would continue with a private plan. The plan was a regular workers' compensation policy written by Home Insurance Company. The private plan carried by Waldo was effective until October 1976.

In May 1974, shortly before the act was to become effective, the Commission requested the city of Waldo to provide it with a copy of its policy. The city of Waldo did not respond to this letter and was subsequently placed on the list of participating cities. In October 1975 assessment was made against the city's turnback funds for the fiscal year 1974-75 as required by Act 469.

On April 16, 1976, two police officers in Waldo were killed when their vehicle collided with a train. Home Insurance Company immediately accepted the deaths as compensable and commenced making payment to the widows of the two deceased policemen.

In October 1976 Mayor Beasley became aware that the state plan existed. By this time another year's turnback funds were to be withheld for the purpose of compensating the state plan. He wanted a refund of the assessments against the city's turnback funds for the years 1974 and 1975.

Home Insurance Company filed a claim with the Workers' Compensation Commission contending the state plan should share in 50% of the liability since there was double coverage. The administrative law judge ruled that dual coverage existed and that the state and Home Insurance should share equally in the losses. The administrative law judge's opinion was affirmed by the full Commission and the city of Waldo filed notice of appeal.

The question to be determined by this court is whether there was dual liability at the time or whether Home Insurance Company alone was liable for the loss. The title of Act 469 of 1973 reads as follows:

An Act to Provide Workmen's Compensation Coverage for Employees of Municipalities in this State; to Provide the Method of Financing Such Coverage; to Vest Exclusive Jurisdiction of the Workmen's Compensation Claims of Such Employees in the Arkansas Workers' Compensation Commission; to Prescribe the Procedure for Filing Claims; and for Other Purposes.

The pertinent provisions of the body of the act are as follows:

Section 1 (b). Provided, however, that any municipality which maintains a plan providing benefits to its employees because of accidental injury or death which arises out of and occurs in the employment of such employee may present such plan in full to the Workmen's Compensation Commission. If the Commission

determines that such voluntary plan provides benefits substantially comparable to the benefits provided under the Arkansas Workers' Compensation Law, it may certify such fact to the Chief Fiscal Officer of the State and to the city making such application, and any city or municipality obtaining such certificate shall be exempt from the provisions of this Act and no amount shall be deducted from such exempted city's share of the municipal aid fund.

\* \* \*

In giving the above words their plain and ordinary meaning it is clear the Workers' Compensation Commission is vested with exclusive authority in implementing this act. In the present case the Commission did not place the city of Waldo on the nonparticipating list because Waldo failed to comply with the provisions of the act allowing for private plan exemptions. So far as the Commission's records were concerned, Waldo had no private plan available to its employees. Therefore, the provisions of the act were mandatory so far as the Commission was concerned.

It was conceded by all parties that the city of Waldo failed to strictly comply with the provisions of Section 1 (b) as set out above. Neither is it disputed that the city of Waldo intended to come within the exception of the act by providing its own private policy through Home Insurance Company. We do not have the benefit of any Arkansas decision on the question here for review. The question to be decided is whether the failure of the city of Waldo to furnish a copy of its plan to the Commission, as requested, caused it to be included in the state plan. None of the cases cited by the parties sheds any particular light on the question before us. All of the cases cited appear to cover cancellations rather than coverage. It is stated by the appellant that this court has dealt with the issue of strict construction in *St. Paul Fire & Marine Ins. Co.* v. *Central Surety & Ins. Corp.*, 234 Ark. 160, 350 S.W. 2d 685 (1961). Again, this case involved the cancellation of a policy. The employer in *St. Paul* originally had a policy with Central Surety and requested that it be cancelled. St. Paul wrote a policy which went into effect on

September 9. Under state law Central Surety could not have terminated its policy until October 7. Meantime, on October 3 a claim arose and there was an argument of dual coverage. In that case we stated:

> We recognize the rule relied upon by the appellant, that the statute is to be construed strictly to the end that employees will not be left without the protection of insurance coverage. But the rule of strict construction should not be carried beyond the reason for its existence. The legislature was plainly concerned with the protection of employees, but it still permitted an accelerated cancellation date when other insurance had been procured. Double coverage is not contemplated. The statute contains only two substantive requirements, that notice be given and that other insurance be procured. Inasmuch as both requirements had been met on September 22 there was then no longer any reason for deferring the effective date of cancellation.

The above quotation states the statute is to be construed strictly to the end that the employee will not be left without protection. This seems to be in conformity with our general rule of liberal construction of the benefits under the workers' compensation laws. We have stated that it is a well-established rule that in workers' compensation cases when a doubt exists we must remember the act is remedial in nature and should be construed liberally to effectuate its purpose. *Gill* v. *Ozark Forest Products, et al,* 255 Ark. 951, 504 S.W. 2d 357 (1974). See also *Alred* v. *Jackson Atlantic, Inc.,* 268 Ark. 695, 595 S.W. 2d 249 (App. 1980), wherein we stated the workers' compensation act is highly remedial and is therefore entitled to a liberal construction.

We think the reasoning that was applied in *St. Paul Fire & Marine Ins. Co.* v. *Central Surety & Ins. Corp.,* supra, against double coverage applies here. However, there is no provision for exclusion of coverage by either insurer in the event such should happen. It is obvious the state had received funds for this coverage just as Home did. Both were paid the required premium by the city of Waldo although the city did so unwittingly. We know that the legislature

intended that city employees be covered by workers' compensation or a policy approved by the Commission. Certainly, it goes without saying that a private policy could be terminated and the city could revert to coverage by the state or it could obtain private coverage and withdraw from the state plan. However, notice in the form of a copy of the private policy was a requirement and was lacking in this case.

Workers' compensation is not truly insurance nor is it a true pension. It is a type of hybrid obligation based upon moral and equitable principles for the protection of society in general. It gives workers a remedy which did not exist under common law, in most cases. It is designed for the protection of workers who are unable to work because of injury or disease arising out of their employment.

The Arkansas Workers' Compensation laws originated in Amendment 26 to the Arkansas Constitution. The first Arkansas legislation in regard to workers' compensation was Act 319 of 1939. Subsequently, initiated Act No. 4 of 1948 was adopted as the basis of our present system. The law provides maximum and minimum benefits and requires insurance companies or self-insureds to provide coverage for all employees. The rates charged are set by the state. Ark. Stat. Ann. § 81-1310 (Supp. 1981) sets out the maximum and minimum benefits to be paid for scheduled injuries. Other sections provide for payments to those who are disabled because of occupational disease. It is clearly intended that there be a set of single guaranteed benefits to employees which inherently implies single coverage. The Workers' Compensation Act is public policy of the state of Arkansas as set out by initiated Act No. 4 and subsequent actions by the General Assembly.

Certainly, there is nothing to prevent an individual or groups of individuals from obtaining other benefits but such benefits are supplemental to and are not a part of the workers' compensation requirements. Therefore, it is logical that only single benefits are contemplated by the act. In case of dual coverage either one or both carriers are liable — but only for the benefits mandated by the act. The act

itself prevents double payments by setting out the maximum benefits which may be paid on account of disability arising out of employment.

In the present case there was no attempted cancellation of either policy until after the loss. The only equitable and fair way to apportion the loss is to divide it equally.

Affirmed.

ADKISSON, C.J., and HAYS and DUDLEY, JJ., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. The majority correctly held that there was dual coverage in this case. However, they were incorrect in not holding the State and Home Insurance Company each liable for the entire amount.

The Workers' Compensation Act sets maximum and minimum benefits for which an employer will be liable. This provision is a limitation on the coverage required to be carried by the employer, but it is not a limitation on coverage employers may wish to provide for their employees. There is nothing in the statute or public policy which prevents an employer from providing benefits in excess of those provided by Workers' Compensation.

It is undisputed that the City of Waldo paid both Home Insurance Company and the State for coverage. It is undisputed that both Home Insurance Company and the State accepted this money and provided the coverage. It is also undisputed that if there were no coverage by Home Insurance Company, the State would have to pay the dependency benefits and vice versa. Therefore, the full amount of these dependency benefits should be recovered from both Home Insurance Company and the State.

ROBERT H. DUDLEY, Justice, dissenting. The statutes involved in this case, Ark. Stat. Ann. § 81-1350, et seq. (Repl. 1976 and Supp. 1981), extend the protection afforded by the Workers' Compensation Act to municipal employees, who were formerly excluded from coverage. The State is required

to provide workers' compensation benefits from the State Fund in the event a municipality does not enter into an adequate contract with a private insurance carrier. In this case an adequate insurance contract existed with a private carrier, the Home Insurance Company, and the State should not be required to provide a part of the benefits.

If dual insurance contracts with private carriers existed, it would be fair to require each private carrier to share 50 percent of the liability because double coverage would exist. I do not consider the provocative argument of double payment advanced in one of the dissenting opinions because it was not raised below and was not briefed by either party. However, in this case no double coverage existed because the State Fund was intended to provide benefits only when there was no adequate private insurance contract.

The majority opinion treats the private carrier and the State Fund as co-insurors and, as a result, reaches an unfair decision. It is unfair because the Home Insurance Company, a private carrier, received its full premium and now is allowed to shift 50 percent of its just debt to the taxpayers of this State. Such a result was not intended when the statutes were enacted.

I dissent.

STEELE HAYS, Justice, dissenting. I agree with the views expressed in the dissenting opinions in the Court of Appeals. See *City of Waldo* v. *Poetker*, 3 Ark. App. 12, 621 S.W. 2d 491 (1981).