## ST. PAUL FIRE & MARINE INSURANCE COMPANY
### v. SOUTHWESTERN IMPROVEMENT, INC.

CA 86-122                                        719 S.W.2d 708

Court of Appeals of Arkansas
Division I
Opinion delivered November 19, 1986

*Friday, Eldredge & Clark*, for appellant.

*Whetstone & Whetstone*, by: *Zan Davis*, for appellee, Ruby Jenkins.

*Gibbs and Hickam*, by: *D. Scott Hickam*, for appellee, Southwestern Improvement, Inc.

GEORGE K. CRACRAFT, Chief Judge. ■ St. Paul Fire & Marine Insurance Company appeals from a decision of the Arkansas Workers' Compensation Commission holding it liable for benefits due an employee of Southwestern Improvement, Inc., who was injured after the employer had received notice of cancellation of the workers' compensation policy. The sole issue for us to determine is whether the notice requirements of Ark. Stat. Ann. § 81-1338(b) (Repl. 1976) are mandatory. We conclude that those provisions are mandatory and affirm the

decision of the Commission.

The facts are not in dispute. The appellant issued its policy of workers' compensation insurance to appellee for a one-year term. Before the term of the policy expired, the appellee defaulted in the payment of premiums. On February 22, 1983, the appellant sent to appellee its notice of cancellation for nonpayment of premium and stated that the policy would expire after ten days unless the premium was paid. The premium was not paid within that period. No notice of cancellation was sent to the Arkansas Workers' Compensation Commission until July 13, 1983. On April 6, 1983, Ruby Jenkins received a compensable injury while working for the appellee.

The appellant contended that it had effectively cancelled its coverage as to the employee prior to the accident and therefore the employer became primarily liable. It argued that it should be held liable due to its failure to notify the Commission only if the employer failed to pay the award. The Commission held that the notice sent the employer was ineffective to cancel the policy because of the statutory requirement that notice also be given to the Commission. We agree.

Ark. Stat. Ann. § 81-1338(b) (Repl. 1976) provides:

> (b) Cancellation. No contract or policy of insurance issued by a carrier under this act shall be cancelled prior to the date specified in such contract or policy for its expiration until at least thirty (30) days have elapsed after a notice of cancellation has been sent to the Commission and to the employer or until ten (10) days have elapsed after such notice if the cancellation is for nonpayment of premium, provided however, that if the employer procures other insurance within the notice period, the effective date of the new policy shall be the cancellation date of the old policy.

This section requires that one of two conditions precede an effective cancellation when due to nonpayment of premiums—that notice of cancellation be given to both the employer and the Commission, or that other insurance be procured within the notice period. Here, notice was not given to the Commission and no new insurance was procured. In 4 Larson, *Workmen's Compensation Law*, § 92.31 (1986), it is stated:

> In view of the essential role of insurance in compensation process, and the serious potential effects of noninsurance on both employer and employee, requirements for cancellation of insurance are generally exacting, and are strictly construed and applied. Failure to deliver the notice of cancellation by the required means, such as registered mail, use of a slightly erroneous address, specifying a cancellation date earlier than that permitted by statute, even by one day, *failing to notify a third party entitled to notice*, or giving oral assurances that the cancellation was a mistake, have been held to vitiate attempted cancellations. [Emphasis added.]

Our statute, as do statutes in a number of sister states, provides that cancellation is not effected until notice has been given to *both* the employer and the Commission for the specified period of time. The courts in those sister states have consistently held that the notice requirements of the cancellation provisions of their compensation acts are to be strictly construed and strictly complied with and that notice given only to the employer does not effectively cancel the policy, but that it remains in force. *See e.g., Cloutier v. General Ship Contracting Co.*, 243 N.Y.S.2d 947, 19 A.D.2d 442 (1963); *Empire Fire & Marine Ins. Co. v. Spurlock*, 593 P.2d 768 (Okla. 1979).

In *St. Paul Fire & Marine Ins. Co. v. Central Surety & Ins. Corp.*, 234 Ark. 160, 162, 350 S.W.2d 685, 686 (1961), our court recognized that the notice requirement of this section "is to be construed strictly to the end that employees will not be left without the protection of insurance coverage." The purpose of such notice is to enable the Commission to know that there is compliance with the workers' compensation law. *Traders & General Ins. Co. v. Henderson*, 235 Ark. 896, 362 S.W.2d 671 (1961).

Appellant argues that the workers' compensation act makes the employer primarily liable for benefits to an injured worker; that the construction of the notice provisions made by the Commission is unjust and harsh; and that it should only be liable for payment of benefits if the employer defaults on its primary obligation. It was the clear intent of this legislation to protect the injured worker and secure the payment of benefits due him under

the act by requiring that each employer give security for its primary liability by procuring and keeping in force, a policy of insurance approved by the Commission, or by posting other securities specified by the Commission which may be liquidated and utilized in the payment of benefits in the event the uninsured employer defaults. Ark. Stat. Ann. § 81-1336 (Supp. 1985). It was not intended that one become a self-insured employer by merely failing to procure or keep in force the required insurance or that the insurance, once procured, be cancelled without affording that knowledge to the Commission. We conclude that § 81-1338(b) clearly expresses the legislative intent that once a policy of insurance has been procured in satisfaction of the legislative requirement, it may not effectively be cancelled without notice to both the employer and the Commission. The intent that these notice requirements be strictly construed and applied is apparent and the reasons for so providing are clear.

Affirmed.

CORBIN and MAYFIELD, JJ., agree.