CHAPEL GARDENS NURSERY and Fidelity & Casualty Insurance Company *v.* Linda LOVELADY

CA 93-1116                                                  885 S.W.2d 915

Court of Appeals of Arkansas
Division II
Opinion delivered November 2, 1994
[Rehearing denied November 30, 1994.]

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown*, for appellants.

*Trafford Law Firm*, by: *G. Ray Howard*, for appellee.

JAMES R. COOPER, Judge. The appellee in this workers' compensation case was hired by the appellant, Chapel Gardens Nursery, in 1990. She suffered an admittedly compensable injury on April 30, 1991, in the course of her employment with Chapel Gardens. The appellee filed a claim for benefits and, after a hearing, was found to be entitled to temporary total disability benefits for the period from August 20, 1991, to a date yet to be determined. From that decision, comes this appeal.

For reversal, the appellants contend that the Commission erred in determining the appellee's compensation rate. We affirm.

Arkansas Code Annotated § 11-9-518(a)(1) (1987) provides that:

> Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of accident and in no case shall be computed on less than a full-time workweek in the employment.

Subsection (c) permits the Commission to determine the average weekly wage by a method that is just and fair to all parties concerned if, because of exceptional circumstances, the average weekly wage cannot be fairly and justly determined by the statutory formula.

The record shows that the appellee's work for Chapel Gardens Nursery was seasonal, and that she had worked about seven months in 1990. Based on the appellee's testimony, the Commission found that her contract of hire with Chapel Gardens was for forty hours per week or more, whenever work was available, at $4.50 per hour, and concluded that her weekly benefit rate is $120.00.

The appellants contend that this rate is erroneous because it would result in the payment of benefits in excess of her annual income. We do not agree. First, the record shows that the appellee's working hours depended in large measure upon the weather; given the limited amount of time she had been employed, any projection of her expected annual income is necessarily speculative.

We think that the instant case is controlled by *Gill* v. *Ozark Forest Products*, 255 Ark. 951, 504 S.W.2d 357 (1974). The *Gill* case involved seasonal work in the timber industry that depended in part on the weather. The employee in *Gill* was not guaranteed a full workweek, but always worked the number of hours available to him, and the Supreme Court computed benefits on the basis of a full-time workweek.

The Commission found in the case at bar that the appellee's contract of hire provided for a 40-hour workweek whenever work was available, and there is substantial evidence to support that finding. Under these circumstances, the statute requires that the compensation rate be computed on the basis of a full-time workweek. *Gill, supra*; Ark. Code Ann. § 11-9-518(a)(1); *see Metro Temporaries* v. *Boyd*, 314 Ark. 479, 863 S.W.2d 316 (1993). We hold that the Commission did not err in computing the appellee's compensation rate on the basis of a full-time workweek, despite the seasonal nature of her employment. *See Travelers Ins. Co.* v. *Perry*, 262 Ark. 398, 557 S.W.2d 200 (1977).

Affirmed.

ROBBINS and MAYFIELD, JJ., agree.