Candelario M. SIERRA *v.* GRIFFIN GIN,
AG–Comp SIF Claims

CA 07-152                                              265 S.W.3d 129

Court of Appeals of Arkansas
Opinion delivered October 10, 2007

[Rehearing denied November 7, 2007.]

*The Law Firm of White & White, PLC,* by: *J. Mark White,* for appellant.

*Betty J. Hardy,* for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, the employee claimant, contends that the Arkansas Workers' Compensation Commission erred in its calculation of his average weekly wage as the basis for compensation. Additionally, appellant, who appeared pro se before the administrative law judge (ALJ), asserts that because the parties never raised the issue of attorney's fees, the Commission should have vacated rather than reversed the ALJ's award of attorney's fees for appellant. We reverse and remand on the first point and affirm the latter.

This claim was heard on the stipulated facts that an employer-employee-carrier relationship existed on October 3,

2005, when appellant sustained compensable injuries in a fall at work. Further, the parties stipulated that appellant's job with the cotton gin was "seasonal employment" and that at the time of his injury, appellant was earning $1020 per week for nine weeks of work.

■ The statute governing calculation of weekly wages as a basis for compensation provides in part that "[c]ompensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of the accident and in no case shall be computed on less than a full-time workweek in the employment." Ark. Code Ann. § 11-9-518(a)(1) (Repl. 2002). The statute, however, provides further that "[i]f, because of exceptional circumstances, the average weekly wage cannot be fairly and justly determined by the above formulas, the commission may determine the average weekly wage by a method that is just and fair to all parties concerned." Ark. Code Ann. § 11-9-518(c).

In determining appellant's average weekly wage, the ALJ awarded a weekly compensation rate in the amount of $466. The ALJ arrived at this amount by multiplying appellant's stipulated weekly wage of $1020, which the ALJ determined was appellant's average weekly wage, by 66 2/3%, for a total of $680, and awarded a weekly compensation rate of $466 — the maximum payable for injuries occurring in 2005. *See* Ark. Code Ann. § 11-9-501(b) (Repl. 2002); Ark. Code Ann. § 11-9-519(a) (Repl. 2002).

Applying Ark. Code Ann. § 11-9-518(c), the Commission reversed the ALJ, holding that "this claim represents an 'exceptional circumstance,' that does not fall squarely within the confines of prior case law" because appellant "was under contract to work for nine weeks, versus an unlimited number of weeks throughout the year depending on the weather or other factors, or pursuant to a yearly, renewable contract." The Commission concluded that it would be "unjust and unfair" to award a rate of $466, because appellant was not a regular employee but was instead a seasonal employee contracted to work for nine weeks. In arriving at his weekly compensation rate, the Commission stated that appellant was contracted to earn $9180 over a nine-week period, which averaged $1020 per week. The Commission divided the $9180 by fifty-two weeks, which equaled $176.54 per week. This amount was multiplied by 66 2/3% for a weekly compensation rate of $118 per week.

The Commission observed that if it awarded a rate of $466 per week, as the ALJ did, then over fifty-two weeks, appellant would receive $24,232, an amount that the Commission stated "far exceeds what the claimant was contracted to earn while working for the respondent employer," while a weekly rate of $118, over a year, "fairly represents" 66 2/3% of appellant's contracted wages. Further, the Commission wrote that "it can be logically assumed that the claimant was employed elsewhere throughout the year," and found persuasive appellees' "argument that it would be inappropriate to find that the claimant earned an average weekly wage of $1,020.00 year round, as this could require consideration of other income the claimant earned at other jobs he might hold throughout the year," and that "would place an unfair burden on [appellees] to pay compensation based on his yearly combined income, rather than on the wages he earned at the job at which he was injured."

We reverse and remand the Commission's decision. Here, there were no "exceptional circumstances" requiring application of Ark. Code Ann. § 11-9-518(c). While the Commission urged that appellant would earn more in fifty-two weeks than his contracted amount, this is merely speculative. There is simply no evidence in the record regarding appellant's past or prospective annual earnings with this — or any other — employer. See *Chapel Gardens Nursery v. Lovelady*, 47 Ark. App. 114, 885 S.W.2d 915 (1994) (stating that while the employer contended that payment of benefits would exceed her annual income, the limited amount of time employee had been employed made any projection of her expected income necessarily speculative). Furthermore, at least in the absence of other evidence regarding his yearly wages, spreading a seasonal wage over a whole year for the purpose of determining the employee's weekly wage would be tantamount to legislating policy against seasonal employment. See *Farm Air Corp. v. Reader*, 11 Ark. App. 72, 666 S.W.2d 717 (1984). Consequently, this case is not one amenable to treatment under subsection (c) of the statute.

As noted above, it was stipulated that appellant was earning $1020 a week. Applying Ark. Code Ann. § 11-9-518(a)(1), this amount was appellant's average weekly wage under the contract of hire in force at the time of the accident. The case of *Magnet Cove School District v. Barnett*, 81 Ark. App. 11, 97 S.W.3d 909 (2003), provides guidance. In *Magnet Cove*, a teacher was

under a contract of hire for thirty-nine weeks. Considering the application of Ark. Code Ann. § 11-9-518(a)(1), we affirmed the Commission's decision to divide the teacher's contract salary of $26,500 by thirty-nine, and not fifty-two weeks, as sought by the employer. Similarly, dividing appellant's total wages, $9180, by the term of the contract, nine weeks, results in an average weekly wage of $1020. Accordingly, the Commission's decision is reversed and remanded.

In his second point on appeal, appellant notes that the ALJ ordered appellees to pay "their proportionate share of attorney's fees." In its opinion, the Commission noted that appellant was not represented by counsel. The Commission concluded that the ALJ erred in directing appellees to pay attorney's fees, and ordered that "this award should be and hereby is reversed."

Appellant argues that because the parties never raised the issue of attorney's fees before the ALJ, the Commission should have vacated rather than reversed the award. He asserts that "[b]y reversing rather than vacating the [ALJ's] award of attorney's fees, the Commission has prejudiced [appellant] by potentially denying him an award of attorney's fees for this appeal should he raise and litigate the issue of attorney's fees at a later date." We, however, conclude that the premise of appellant's argument is not well founded. The Commission's reversing of the award of attorney's fees prescribed by Ark. Code Ann. § 11-9-715(a) (Repl. 2002), rather than vacating the award, has no bearing on whether appellant is entitled to attorney's fees on appeal, which is governed by Ark. Code Ann. § 11-9-715(b). Moreover, an argument for appellant's entitlement to attorney fees in the future is simply not before us, and appellant has presented neither convincing argument nor authority indicating that he may be precluded from receiving attorney's fees at some future date.

Reversed and remanded in part; affirmed in part.

PITTMAN, C.J., and ROBBINS, GLOVER, BAKER, and MILLER, JJ., agree.