## Candelario M. SIERRA *v.* GRIFFIN GIN and AG-Comp SIF Claims

07-1104                                                287 S.W.3d 556

### Supreme Court of Arkansas
### Opinion delivered September 25, 2008

*The Law Firm of White & White, P.L.C.,* by: *J. Mark White,* for appellant.

*Friday, Eldredge & Clark,* by: *Betty J. Hardy,* for appellees.

JIM GUNTER, Justice. This appeal arises from an order of the Workers' Compensation Commission reversing an administrative law judge's ruling regarding the calculation of Appellant Candelario M. Sierra's average weekly wage. We affirm the Commission's decision.

Sierra was a seasonal employee working for Appellee Griffin Gin. Sierra entered into a contract with Griffin Gin to work for a period of nine weeks at a rate of $1,020 per week. On October 3, 2005, Sierra fell while on the job and was injured. Griffin Gin and Appellee AG-Comp SIF Claims ("AG-Comp"), the insurance carrier, are currently paying medical expenses and temporary-total-disability benefits at the rate of $118 per week. The parties agreed to submit the case before the Commission on the record in lieu of a hearing to determine the correct compensation rate for Sierra. Sierra asserted that Griffin Gin's method used to calculate the average weekly wage (dividing Sierra's total wage by fifty-two weeks) was unreasonable, and asked the Commission to determine the correct figure based on Arkansas Code Annotated section 11-9-518(c) (Repl. 2002).

On July 6, 2006, the ALJ found that Sierra's average weekly wage was $1,020, entitling him to the maximum compensation rate. The ALJ also awarded attorney's fees to Sierra. Griffin Gin and AG-Comp then appealed to the Full Commission. On November 28, 2006, the Commission entered an order reversing the decision of the ALJ, stating:

> [I]t would be both unjust and unfair to award the claimant temporary total disability benefits at the maximum compensation rate of $466.00 per week. The claimant was not a regular employee. Rather, the claimant was a seasonal employee contracted to work for the respondent employer for a period of nine weeks.

The Commission found that the weekly compensation rate of $118 was just and fair. The Arkansas Court of Appeals reversed. Griffin Gin and AG-Comp sought and were granted review in this court. Upon a petition for review, we consider a case as though it had been originally filed in this court. *Texarkana Sch. Dist. v. Conner,* 373 Ark. 372, 284 S.W.3d 57 (2008).

For his first point on appeal, Sierra asserts that the Commission committed error by not calculating his average weekly wage in accordance with the statutory method. Specifically, Sierra

contends that, pursuant to Arkansas Code Annotated section 11-9-518(a), his average weekly wage is $1,020, the amount Griffin contracted to pay him for each week of work. He further asserts that neither an employment's seasonal nor temporary nature is an "exceptional circumstance" sufficient to allow the use of a different formula to calculate the benefits to which the employee is entitled.

Griffin Gin and AG-Comp respond, arguing that Sierra's average weekly wage represents an exceptional circumstance and should be calculated pursuant to Arkansas Code Annotated section 11-9-518(c). Specifically, Griffin asserts that the record demonstrates that Sierra failed to meet his burden of proof that he is entitled to the maximum compensation rate of $466 per week and that there is substantial evidence to support the Commission's finding.

We have repeatedly used the following standard in reviewing decisions of the Commission:

> In appeals involving claims for workers' compensation, this court views the evidence in a light most favorable to the Commission's decision and affirms that decision if it is supported by substantial evidence. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. The issue is not whether the appellate court might have reached a different result from the Commission, but rather whether reasonable minds could reach the result found by the Commission. If so, the appellate court must affirm the Commission's decision.

See *Texarkana Sch. Dist., supra.*

■ Arkansas Code Annotated section 11-9-518 (Repl. 2002) provides the following calculation for injured workers' benefits:

> (a)(1) Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of the accident and in no case shall be computed on less than a full-time workweek in the employment.
>
> (c) If, because of exceptional circumstances, the average weekly wage cannot be fairly and justly determined by the above formulas, the commission may determine the average weekly wage by a method that is just and fair to all parties concerned.

We have pointed out that Act 796 of 1993 significantly changed the workers' compensation statutes and the way workers' compensation claims are to be resolved. *See Texarkana Sch. Dist., supra.* Now, pursuant to Act 796, we are to strictly construe the workers' compensation statutes. *Id.* (citing Ark. Code Ann. § 11-9-704(c)(3) (Repl. 2002)).

In the present case, while Sierra contends that his average weekly wage should be $1,020 pursuant to section 11-9-518(a), the Commission was asked to determine the correct figure based on section 11-9-518(c). Based upon its finding that Sierra's claim represented an "exceptional circumstance that does not fall squarely within the confines of prior case law," the Commission reversed the ALJ's decision to award increased weekly compensation. The Commission found that this claim was distinguishable from prior cases because Sierra was under contract to work for nine weeks, "versus an unlimited number of weeks throughout the year depending on the weather or other factors, or pursuant to a yearly, renewable contract." *See Gill v. Ozark Forest Prods.,* 255 Ark. 951, 504 S.W.2d 357 (1974); *Chapel Garden Nursery v. Lovelady,* 47 Ark. App. 114, 885 S.W.2d 915 (1994). The Commission concluded that it would be unjust and unfair to award the claimant temporary total disability benefits at the maximum compensation rate of $466 per week because he would receive more disability benefits after twenty weeks than he was contracted to earn in nine weeks.

Based on our standard of review and the record before us, we must affirm the Commission's decision. *See Texarkana Sch. Dist., supra.* We cannot say that reasonable minds could not reach the Commission's conclusion that Sierra's average weekly wage should be computed by dividing the total wage by fifty-two weeks rather than nine weeks. Accordingly, viewing all of the evidence in a light most favorable to the Commission, we affirm on this point.

For his second point on appeal, Sierra asserts that the Commission erred by reversing and denying the award of attorney's fees because neither Sierra nor Griffin Gin or AG–Comp ever raised the issue. Specifically, he contends that the Commission has prejudiced him by potentially denying him an award of attorney's fees for this appeal should he raise and litigate the issue of attorney's fees at a later date. In response, Griffin Gin and AG–Comp contend that it was proper for the Commission to reverse the award because the ALJ erred in ordering them to pay their proportionate share of attorney's fees.

■ Arkansas Code Annotated section 11-9-715 (Repl. 2002) provides for the award of attorney's fees. This statute does not address the issue of whether, if the award of attorney's fees is not raised, it is error to reverse the award rather than vacate the award. Sierra was not represented by an attorney when he was in front of the ALJ. He appeared pro se. We do not agree that Sierra has been or will be prejudiced in this situation. Accordingly, we affirm the decision of the Commission.

Affirmed.

GLAZE, J., not participating.