RAGON *v*. GREAT AMERICAN INDEMNITY COMPANY.

5-527                                          273 S. W. 2d 524

Opinion delivered December 20, 1954.

*Ragon & Morgan,* for appellant.

*Hardin, Barton, Hardin & Garner,* for appellee.

ED. F. McFADDIN, Justice. This appeal presents two questions: (a) the authority of the Workmen's Compensation Commission to award an attorney, as a portion of his fee, a percentage based on the amount paid by the employer for medical services and hospital bills of the client; and (b) the appropriateness of a declaratory judgment proceeding in a matter such as is here presented.

In the case of *Great American Indemnity Co., et al.,* v. *Bailey,* 221 Ark. 469, 254 S. W. 2d 322, this Court affirmed the award of the Workmen's Compensation Commission allowing Bailey compensation against his employer (Day & Night Cleaners, Inc.) and the employer's insurance carrier (Great American Ind. Co.) The Commission's award, which we affirmed, stated:

"The respondents will pay to the claimant compensation at the rate of $22.75 per week based on the average weekly wage of $35.00, from July 10, 1952, to continue subject to the provisions and limitations of the Act and further direction of this Commission, and that the respondents further furnish to the claimant such medical treatment as has been recommended by Dr. Worth M. Gross.

"The question of the termination of the healing period and the extent of his permanent partial disability, if any, is to be determined at a later date.

"The claimant's attorney, Heartsill Ragon, is hereby allowed the maximum attorney's fee permitted by the Act, said fee to be paid in addition to the compensation awarded herein."

The present litigation was commenced by Heartsill Ragon (the attorney named in the above award) filing action in the Sebastian Circuit Court against Great

American Indemnity Co. and Day & Night Cleaners, Inc. The complaint alleged:

"This is an action for a declaratory judgment pursuant to the provisions of Act 274 of the Acts of the General Assembly of the State of Arkansas for the year 1953, Ark. Stats., 1947, § 34-2501 to 34-2512. . . ."

The complaint then alleged the award, as above quoted; and stated that the attorney had received his fee based only on a percentage of the cash award allowed Bailey and not on the amounts that the defendants had expended and were expending for medical treatment and hospitalization for Bailey. The complaint said:

". . . the Great American Indemnity Company, has paid out as compensation a large and substantial sum, now unknown to this plaintiff but within the peculiar knowledge and information of the defendants, for medical and hospital services and supplies as set out in § 11 of said Initiated Act No. 4 of 1948, Ark. Stats., 1947, § 81-1311.

". . . the defendant should pay to the plaintiff a sum equal to 10% of all compensation hereafter paid under the terms of the award of the Arkansas Workmen's Compensation Commission, and in particular, 10% of all compensation paid in accordance with § 11 of the Arkansas Workmen's Compensation Act."

The prayer of the complaint was for a declaratory judgment declaring Ragon entitled to judgment against the defendants for a fee based not only on a percentage of the cash award, but also on a percentage of the amount expended for medical services and hospitalization. To the complaint the defendants interposed a demurrer on two grounds: (1) that the Court has no jurisdiction of the subject-matter of the action; and (2) that the complaint does not state facts sufficient to constitute a cause of action. The Circuit Court sustained the demurrer and dismissed Ragon's complaint when he refused to plead further, and Ragon brings this appeal.

I. *Attorney's Fees on Medical Expenditures.* That the Commission has the power and duty to award this attorney a fee based not only on the cash award to his client, but also on the amount expended by either or both of the defendants for the medical services and hospitalization of Bailey, is a matter of which we have no doubt. The Workmen's Compensation Act[1] provides in § 2(i),[2] as regards compensation:

" 'Compensation' means the money allowance payable to the employee or to his dependents, and includes the allowances provided for in § 11, and funeral expense."

Then in § 11[3] the Act provides:

"The employer shall promptly provide for an injured employee such medical, surgical, hospital and nursing service, and medicine . . . as may be necessary during the period of six months after the injury, or for such time in excess thereof as the Commission, in its discretion, may require. . . ."

So we conclude that medical, surgical and hospital service, and medicine (and we mean all of these when we use the words "medical services") are a part of *"compensation."*

As regards fees for legal services, the Compensation Act provides in § 32:[4]

"Fees for legal services rendered in respect of a claim shall not be valid unless approved by the Commission, and such fees shall not exceed twenty-five per centum (25%) on the first one thousand dollars ($1,000.00) of compensation, or part thereof, and ten per centum (10%) on all sums in excess of one thousand dollars ($1,-000.00) of compensation. Whenever the Commission finds that a claim has been controverted, in whole or in

---

[1] This is Initiated Act No. 4 adopted at the General Election (1948) and may be found in § 81-1301, *et seq.*, of the Cumulative Pocket Supp. of Ark. Stats.

[2] See § 81-1302(i) of Cumulative Pocket Supp. of Ark. Stats.

[3] See § 81-1311, Cumulative Pocket Supp., Ark. Stats.

[4] See § 81-1332, Cumulative Pocket Supp., Ark. Stats.

part, the Commission shall direct that fees for legal services be paid by the employer or carrier in addition to compensation awarded, and such fees shall be allowed only on the amount of compensation controverted and awarded. . . .''

In the case at bar, the insurance carrier denied all liability including medical services; and it was not until the decision by this Court that the insurance carrier made such payments. Certainly, therefore, in this case, the attorney obtained medical services for his client; and, in the discretion of the Commission, was entitled to fees based on the percentage expended by the insurance carrier and/or the employer for such controverted medical services. The Commission could direct the defendants to inform the Commission as to all amounts expended for medical and hospital services and supplies, and to pay Ragon a percentage on such amounts.

II. *Declaratory Judgment.* But the point that gives us most serious concern is whether appellant, Ragon, in the present state of the record, may use the Declaratory Judgment Statute[5] in lieu of exhausting his administrative remedies.

Appellant says that the Workmen's Compensation Law makes the award of the Commission a final judgment that may be enforced under the provisions of § 25(c) of the Workmen's Compensation Law,[6] which reads as follows:

''If any employer fails to comply with a final compensation order or award, any beneficiary of such order or award, or the Commission, may file a certified copy of the said order or award in the office of the circuit clerk of any county in this State where any property of the employer may be found, whereupon the circuit clerk shall enter the said order or award in the judgment rec-

[5] This is Act No. 274 of the Acts of 1953. Cases decided by us considering some phases of this Act are: *Lumbermen's Mutual Cas. Co.* v. *Moses,* 224 Ark. 67, 271 S. W. 2d 780, (opinion October 18, 1954); and *Jessup* v. *Carmichael,* 224 Ark. 230, 272 S. W. 2d 438, (opinion November 15, 1954).

[6] See § 81-1325(c), Cumulative Pocket Supp., Ark. Stats.

ord of said county and the said order or award so recorded shall be a judgment and lien as are judgments of the circuit court, and enforceable as such.''

But we call attention to the fact that as regards the medical services, the award made by the Commission was subject to further consideration. The award says:

''. . . that the respondents further furnish to the claimant such medical treatment as has been recommended by Dr. Worth M. Gross. The questions of the termination of the healing period . . . is to be determined at a later date.''

There is nothing in the record before us to show whether the healing period is still in effect or has been concluded.

The appellant's complaint in this case is really asking for (a) discovery as to how much the insurance carrier and the employer have expended and will expend for medical services; and (b) an order to pay the appellant his percentage on such amount along with his percentage on the cash award. Certainly the Workmen's Compensation Commission is the proper place to which appellant should go for such relief, rather than to the Circuit Court for a declaratory judgment. Without attempting to state any general rules for limiting or expanding the field of declaratory judgment cases, we cite the following as a few which hold that it is better to pursue the administrative remedies to a conclusion before attempting to invoke the declaratory judgment procedure, to-wit: *Elliott* v. *American Mfg. Co.* (5th C. C. A.), 138 Fed. 2d 678; *Calif. Ass'n* v. *Building & Const. Trades* (9th C. C. A.), 178 Fed. 2d 175; *Tower Realty* v. *City of E. Detroit* (6th C. C. A.), 196 Fed. 2d 710; *Hoosier Cas. Co.* v. *Fox* (Dist. Ct. Iowa), 102 Fed. Supp. 214; *International, etc., Union* v. *Libby* (Dist. Ct. of Hawaii), 115 Fed. Supp. 123. See, also, Annotation in 172 A. L. R. 847.

An enlightening and persuasive case is that of *Moore* v. *Louisville Hydro-Elec. Co.*, 226 Ky. 20, 10 S. W. 2d 46,

which is in accord with the weight of authority. In that case, the Kentucky Workmen's Compensation Board had denied the worker compensation for hernia. The Court of Appeals of Kentucky held the worker was entitled to such compensation. A dispute arose as to the time for which the worker was entitled to such compensation; and the worker filed a petition against his employer to have the rights declared under the provisions of the Declaratory Judgment Law. The Kentucky Court of Appeals, in holding that the worker should present the matter to the Workmen's Compensation Board, rather than to seek a declaratory judgment, said:

"We cannot approve thus invading the jurisdiction of that (Workmen's Compensation) Board. We do not deem the declaration or construction of the laws governing this matter as necessary or proper at this time under all of the circumstances. We must, therefore, decline to declare the rights of the parties. It is a matter about which the Workmen's Compensation Board is authorized to speak; and, if it misconstrues the law, the appellant is not without remedy. The judgment of the lower court in sustaining the special demurrer for want of jurisdiction and dismissing the petition was proper."

In the article on Declaratory Judgments in Am. Jur., § 13, the following is stated in the Cumulative Supplement:

"Since the courts are loath to interfere prematurely with administrative proceedings, they will not, as a rule, assume jurisdiction of declaratory judgment proceedings, even under the Federal Declaratory Judgment Act, until administrative remedies have been exhausted. . . ."

We hold that the appellant should proceed before the Workmen's Compensation Commission rather than seek a declaratory judgment at this stage of the proceedings; because he has not yet exhausted his administrative remedies. The judgment of the Circuit Court sustaining the demurrer to the complaint is affirmed without prejudice to the appellant's right to now seek relief before the Workmen's Compensation Commission.