## MOHAWK RUBBER COMPANY et al
### *v.* Jerry THOMPSON

78-232

576 S.W. 2d 216

Opinion delivered February 5, 1979
(In Banc)

*Wright, Lindsey & Jennings,* for appellants.

*Youngdahl, Larrison & Agee,* for appellee.

GEORGE ROSE SMITH, Justice. This is a worker's compensation case, turning upon the statute of limitations. On August 31, 1971, the claimant sustained a work-connected injury to his foot. Various benefits were paid until the original claim was terminated by a lump sum settlement on June 2, 1972, the claimant having returned to work. In early 1975 the claimant elected to undergo surgery on his foot for the relief of pain. There was no new injury or aggravation of the original condition, but it is conceded that the need for surgery arose out of the original injury.

When the claimant informed his employer of his plan to undergo surgery he was told that benefits under the worker's compensation law were barred by limitations, but the operation would be paid for under a sickness and accident policy covering employees. After the surgery the claimant filed the present claim, on May 27, 1975, for the cost of the surgery and for temporary and permanent disability benefits. The Commission, whose decision was affirmed by the circuit court, held that the claim was not barred by limitations, because within a year the insurance carrier had furnished orthopedic shoes to the claimant. The Commission recognized that the furnishing of such shoes would not revive a claim already barred, but the Commission held that the running of the statute had been interrupted as to a claim for additional compensation. We are unable to agree with the Commission's reasoning.

Here is the chronological sequence of the events that are pertinent to the question before us:

August 31, 1971: Claimant's foot was injured.

August 24, 1972: Expiration of the temporary and permanent benefits paid in the lump sum settlement.

August 10, 1973: (1) Claimant was seen by Dr. Chakales and released from treatment. (2) Claimant was furnished with orthopedic shoes.

November 8, 1973: Carrier paid for the shoes.

December 13, 1973: Carrier paid Dr. Chakales.

August 28, 1974: Claimant was furnished with a second pair of orthopedic shoes.

January 23, 1975: Carrier paid for the second pair.

May 27, 1975: Present claim for additional benefits was filed.

It is obvious that when the statute is tolled by the actual furnishing of services, such as medical treatment or orthopedic shoes, the statute is not tolled again when the services are paid for. One transaction cannot interrupt the statute twice. That was essentially our holding in *Heflin* v. *Pepsi Cola Bottling Co.*, 244 Ark. 195, 424 S.W. 2d 365 (1968), where we said: "The decision is not in any respect based on the time at which the medical bills were paid. This holding is sound because the claimant is 'compensated' by the furnishing of the services and not by the payment of the charges therefor."

When mere payments for previous services are disregarded, it will be seen from the above sequence that there was no interruption of the statute between August 10, 1973, and August 28, 1974. Thus both the two-year statute from the date of the injury and the one-year statute from the last payment of compensation had run when the claimant was furnished a second pair of shoes on August 28, 1974. The Commission held, however, that the furnishing of the second pair again tolled the statute, so that an additional claim arising out of the original injury was not barred. The Commission cited *Ragon* v. *Great American Indemnity Co.*, 224 Ark. 387, 273 S.W. 2d 524 (1954), where we quoted the statutory definition of compensation, which includes the medical and orthopedic allowances enumerated in § 11 of the act. Ark. Stat. Ann. §§ 81-1302 (i) and -1311 (Repl. 1976).

The Commission failed, in our opinion, to give correct significance to a 1968 initiated act that added a second sentence to § 18 (b) of the act, which now reads:

(b) Additional Compensation. In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one year from the date of the last payment of compensation, or two years from the date of the injury, whichever is greater. The time limitations of this subsection shall not apply to claims for replacement of medicine, crutches, artificial limbs and other apparatus permanently or indefinitely required as the result of a compensable injury, where the employer or carrier previously furnished such medical supplies. [Ark. Stat. Ann. § 81-1318 (b).]

The manifest purpose of the 1968 amendment was to extend the statute with respect to an employee's right to obtain the *replacement* of medicine, crutches, artificial limbs, and other apparatus that would be *permanently or indefinitely required* as a result of the original compensable injury. This case illustrates the beneficent purpose of the amendment, for without it this claimant would not have been able to obtain a second free pair of orthopedic shoes on August 28, 1974, because both the two-year and the one-year statutes had already run. Thus the new sentence is actually an exception to the basic rule of limitations. The exception cannot fairly be broadened to mean, for example, that simply because a crutch furnished by the employer happens to break and need replacement ten years after the injury, a new period of limitations should begin to run with respect to claims for surgery, permanent partial or total disability, and all the other benefits provided by the act. The scope of a reasonable and logical exception to the rule of limitations should not be extended beyond the defect that it was evidently designed to correct. Even a liberal construction of a statute must still be consistent with its basic intent. *Whetstone* v. *Daniel,* 217 Ark. 899, 233 S.W. 2d 625 (1950).

Reversed.

PURTLE, J., dissents.