Dorothy ALRED *v.* JACKSON ATLANTIC, INC.

CA 79-313                           595 S.W. 2d 249
Court of Appeals of Arkansas
Opinion delivered February 27, 1980
Released for publication March 19, 1980

*Henry J. Osterloh,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

M. STEELE HAYS, Judge. This is a workers' compensation case. Claimant, Dorothy Alred, suffered a compensable injury in July of 1970. This injury arose out of and in the course of her employment with the respondent, Jackson Atlantic, Inc. Claimant was awarded temporary total disability benefits and payment of all medical bills and 75% of all hospital costs. In addition, the Administrative Law Judge awarded all "reasonable future medical expenses", recognizing a need of future medical treatment of the claimant. No appeal was taken from this judgment.

Claimant was initially treated by Dr. John Lohstoeter for her injuries. However, subsequent to the time of the award, claimant began seeing Dr. C. G. Pearce. She continued seeing Dr. Pearce until July or August of 1976. The last payment made to Dr. Pearce by the respondent was August 11, 1976.

In March of 1978, claimant went back to see Dr. Lohstoeter because of pain in her leg and neck. According to Dr. Lohstoeter, claimant was found to have a "discal and inflammatory problem which was with an almost complete blockage of cerebral spinal fluid due to ruptured disc". Surgery was recommended and performed in April of 1978. Medical and hospital bills related to the surgery were sent to the respondent. Respondent controverted all payments, alleging that the claim was barred by the statute of limitations set forth in Ark. Stat. Ann. § 81-1318(b).

A hearing was held before the Administrative Law Judge on June 19, 1979. At the hearing, it was undisputed that drug payments were made by the respondent between the time that the last payment was made to Dr. Pearce and the time the present claim was made for surgery and related expenses. However, in an affidavit presented by the Insurance Administrator showing payments made by the respondent, the payments for medicine were not included. It was alleged that drug payments do not toll the statute of limitations in § 81-1318(c) as interpreted by the Arkansas Supreme Court in *Mohawk Rubber Company* v. *Thompson,* 265 Ark. 16 (1979). The Administrative Law Judge agreed with respondent and held that the claim was barred by the statute of limitations. The commission affirmed the holding of the Administrative Law Judge with one commissioner dissenting. Claimant now brings this appeal.

The issue before this court is whether payments for medicine by a respondent are considered "payment of compensation" for purposes of tolling the statute of limitations. This is not a case of first impression in Arkansas. Ark. Stat. Ann. § 1318(b) states:

> In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of compensation, or (2) years from the date of the injury, whichever is greater.

Hence, we must now determine whether payments for

medicine come within the purview of "payment of compensation" as set forth in the statute. The Workers' Compensation Act provides in Ark. Stat. Ann. § 81-1302(i):

> 'Compensation' means the money allowance payable to the employee or to his dependents, and includes the allowances provided for in [§ 81-1311], and funeral expenses.

Ark. Stat. Ann. § 81-1311 provides:

> The employer shall promptly provide for an injured employee such medical, surgical, hospital, and nursing services, and *medicine . . .* as may be *reasonably necessary* for the treatment of the injury received by the employee.

Hence, we conclude that payments for medicine are a part of "compensation" within the meaning of the Workers' Compensation Act. The Arkansas Supreme Court has interpreted the act accordingly. *Reynold Metals Company* v. *Brumley,* 226 Ark. 388, 290 S.W. 2d 211 (1956); *Ragan* v. *Great American Indemnity Company,* 224 Ark. 387, 273 S.W. 2d 524 (1954).

Nevertheless, respondents contend that the 1968 Amendment to § 1318(b) changed the meaning of the statute to the extent that payment for medicine does not constitute "compensation". The amendment to the statute added this sentence:

> The time limitations of this subsection shall not apply to claims for replacement of *medicine,* crutches, artificial limbs and other apparatus permanently or indefinitely required as the result of a compensable injury, where the employer or carrier previously furnished such medical supplies.

We fail to see how this amendment to the statute altered the existing rule that payment for medicine is still considered "compensation" under the Act.

Respondent contends that the Arkansas Supreme Court interpreted the amendment to mean that "replacement of medicine, crutches, artificial limbs and other apparatus" will not toll the statute in the case of *Mohawk Rubber Company* v.

*Thompson, supra.* In order to better understand the holding of *Mohawk,* the sequence of events should be set out:

August 31, 1971: Claimant's foot was injured

August 24, 1972; Lump sum settlement

August 10, 1973: Claimant was seen by Dr. Chakalas and furnished a pair of orthopedic shoes

November 8, 1973: Carrier paid for shoes

December 13, 1973: Carrier paid Dr. Chakalas

August 28, 1974: Claimant was furnished with a second pair of shoes

January 23, 1975: Carrier paid for the second pair

May 27, 1975: Present claim for additional benefits [extracted from 265 Ark. at 17]

First of all, the court held that the statute is tolled by the "actual furnishing of services", and will not be tolled again when the services are paid for. Hence, the statute ran uninterrupted from August 10, 1973, to August 28, 1974, when claimant was furnished a second pair of shoes. The commission held that the furnishing of the second pair tolled the statute again. But the Arkansas Supreme Court reversed, holding that the statute had already run, and that because of the 1968 amendment, respondent would be liable for the cost of the orthopedic shoes, but this would not start a new period for purposes of the statute of limitations. The court specifically adverted to this point:

> This case illustrates the *beneficient purpose* of the amendment, for without it this claimant would not have been able to obtain a second free pair of orthopedic shoes on August 28, 1974, because both the two-year and the one-year statutes had already run . . . The exception cannot fairly be broadened to mean, for example, that simply because a crutch furnished by the employer

happens to break and need replacement ten years later, a *new* period of limitations should begin to run with regard to claims for surgery, permanent partial or total disability, and all the other benefits provided by the Act.

With this rule in mind, we can draw a distinction between *Mohawk Rubber Company* v. *Thompson* and the instant case. In *Thompson,* the statute of limitations had already run uninterrupted for a period over one year when the second pair of orthopedic shoes was furnished. Hence, although the respondent was liable under the 1968 amendment for the cost of the second pair of orthopedic shoes, it did not start a new period with respect to the statute of limitations.

In the instant case, there is evidence in the record to indicate that claimant may have been receiving medicine during the period in which respondent claims that the one year statute of limitations had run uninterrupted. For instance, a letter dated May 24, 1978, from respondent to Dr. Lohstoeter states:

> Munford, Inc., is continuing under responsibility to provide medical benefits to Dorothy Alred as the result of July 3, 1970 injury. We, as you may know, are continuing to receive various hospital bills and bills from other suppliers for treatment to Mrs. Alred.

Also, claimant testified at the hearing that she was receiving medication for pain during the period in question. Finally, an affidavit by the Insurance Administrator reflecting various payments expressly stated that it was "exclusive" of any payments made for medication.

For the reasons stated above, we find that payments for medicine constitute "payment of compensation" within the meaning of Ark. Stat. Ann. § 81-1318(b). The Workers' Compensation Act is highly remedial and is therefore entitled to a liberal construction. *Mohawk Tire & Rubber Company* v. *Brider,* 257 Ark. 587, 518 S.W. 2d 499 (1975); *McGeehee Hatchery* v. *Gunter,* 237 Ark. 448, 373 S.W. 2d 401 (1963). This holding does not mean that a claimant may toll the statute merely by refilling a prescription. The statute specifically

says medication which is "reasonably necessary" for the injury suffered. What is considered "reasonably necessary" will depend on the facts and circumstances of each case.

Therefore, the case is reversed and remanded with directions to the commission to accept evidence of payments for medicine, to determine if such medicine was "reasonably necessary" for treatment of this injury, and, if so, to treat such services as "compensation".

Reversed and remanded.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. The last payment of "compensation" was made to Dr. C. G. Pearce on August 11, 1976. After this date the claimant received payment for drugs. In March 1978 the claimant saw Dr. Lohstoeter and was operated on by him. More than one year had elapsed and the administrative Judge and the Commission found the payment of the medical bills arising from Dr. Lohstoeter's surgery and treatment to be barred by the one (1) year Statute of Limitations.

The Commission found the drug payments made after August 11, 1976, do not toll the Statute of Limitations set forth in Ark. Stat. Ann. § 81-1318(b) as interpreted by the Arkansas Supreme Court in *Mohawk Rubber Co.* v. *Thompson,* 256 Ark. 16 (1979). The Court in *Mohawk, supra,* said:

> . . . The scope of a reasonable and logical exception to the rule of limitations should not be extended beyond the defect that it was evidently designed to correct. Even a liberal construction of a statute must still be consistent with its basic intent.

The respondent paid for claimant's "replacement of medicine". Ark. Stat. Ann. § 81-1318(b). This did not toll the Statute.

In the Administrative Judge's order of September 18, 1974, he provided: "The respondents shall pay for the

claimant's reasonable future medical expenses." This language does not serve to allow future medical expenses ad infinitum. Such an order is not possible. The correct interpretation of Judge Rebsamen's order is that the respondent is responsible for the payment of all reasonable future medical expenses *provided* claims are made within the time permitted by the Statute of Limitations.

The majority opinion attempts to change the law in Arkansas regarding the time frame within which compensation claims must be made.

I respectfully dissent.