TERMINAL VAN AND STORAGE, EMPLOYER
CNA INSURANCE COMPANY, Insurance
Carrier *v.* Aubrey Lee HACKLER, Employee

CA 80-182                                         603 S.W. 2d 893
Court of Appeals of Arkansas
Opinion delivered September 3, 1980

*Wright, Lindsey & Jennings*, for appellant.

*Alan J. Nussbaum* and *J. R. Nash*, for appellee.

JAMES H. PILKINTON, Judge. This case involves a workers' compensation claim for additional benefits. Aubrey Lee Hackler sustained injuries on February 3, 1969, while employed by Terminal Van and Storage Company. The basic facts are not in dispute. After her 1969 injury, Mrs. Hackler was paid benefits until April, 1971, and was assigned a 10% permanent partial disability rating. Subsequently claimant was treated by Dr. H. Austin Grimes as well as being examined and evaluated by Dr. Frank Padberg. Her last appointment with Dr. Grimes was on September 26, 1972. No further action was taken by Mrs. Hackler until the filing of a claim for additional benefits which resulted in this litigation.

On December 6, 1976, Mrs. Hackler filed a claim for additional benefits for injuries sustained on February 3, 1969. Appellants controverted further payments on the ground that the claim is barred by Ark. Stat. Ann. §81-1318(b) [Repl. 1976].

In an opinion dated April 10, 1978, the Arkansas Workers' Compensation Commission found the claim for additional benefits was barred by the statute of limitations, but Mrs. Hackler was awarded those medical expenses related to the injury not specifically barred by Ark. Stat. Ann. §81-1318(b) [hereinafter Section 18(b)].

On December 6, 1979, the Circuit Court of Pulaski County reversed and remanded the case to the Commission with directions to consider the claim on its merits. This appeal comes from that decision. Appellant contends that the Circuit Court erred in ruling that appellee's claim for additional benefits was not barred by Section 18(b), which creates a specific limitation period for filing claims involving additional compensation under the Act. That section reads, in pertinent part, as follows:

Additional Compensation. In cases where compensation for disability has been paid on account of injury, a claim

for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of injury, whichever is greater.

There is a second sentence in the section which exempts from the statute of limitations ". . . claims for replacement of medicine, crutches, artificial limbs, and other apparatus permanently or indefinitely required as a result of a compensable injury. . ." Appellants do not question that part of the determination by the Commission which calls for payment of replacement medicine and drugs associated with the original injury.

The language of the section is clear and unambiguous. A claim for additional compensation is barred if it is not filed with the Commission within either the one-year or two-year limitation periods. This claim was filed on December 6, 1976, which was more than seven years after the injury and over four and one-half years after the last payment of compensation. Appellee contends that the claim was not properly dismissed in accordance with Rule 13 of the Workers' Compensation Commission. In making this argument the appellee relies upon *Dura Craft Boats, Inc.* v. *Daugherty*, 247 Ark. 125, 444 S.W. 2d 562 (1969). As pointed out by both the administrative law judge and the Commission, the Rule 13 notice requirement is entirely irrelevant. Appellant's contention is predicated solely upon the application of the statute of limitations and, for that reason, *Dura Craft Boats, Inc.* v. *Daugherty, supra*, is not in point. Although in the first paragraph of *Dura Craft* the Arkansas Supreme Court makes passing mention of Section 18(b), a careful reading of this decision reveals that it deals solely with the requirements for a Rule 13 dismissal. The key issue there was whether the claimant had been given adequate notice prior to dismissal. The fact situation presented in *Dura Craft* is clearly distinguishable from the facts in the case before us. The crucial distinction lies in the fact, that in *Dura Craft*, claimant was paid no additional compensation after the filing of the initial claim while, in the case before us, appellee was paid additional medical benefits *after* her initial filing.

Appellee also argues that Mrs. Hackler has been continuously taking medication for pain since the accident, hence, the statute of limitations has never run for the required one year. The cases cited in support of this position are *Mohawk Rubber Company* v. *Thompson*, 265 Ark. 16, 576 S.W. 2d 216 (1979) and *Heflin* v. *Pepsi Cola Bottling Co.*, 244 Ark. 195, 424 S.W. 2d 365 (1968). These cases are not in point. Neither deals with the question presented here. Mrs. Hackler claims to have received medicine throughout the years, but she admits that she did not file a claim therefor until December 9, 1976. Thus the filing of that claim was nearly eight years after the injury and four and one-half years after the last payment of compensation. The claim for additional compensation is barred since it was not filed with the Commission within one year of the last payment of compensation or two years from the date of injury. *Phillips* v. *Bray*, 234 Ark. 190, 351 S.W. 2d 147 (1961). In *Phillips* the court was faced with physicians' bills which were not submitted for payment within the statutory period; whereas, in the case at bar the unsubmitted bills were those for prescribed medication. The application of the statute of limitations is clear.

As already noted, the second sentence of Section 18(b) provides an exemption to those benefits which are barred by the statute of limitations. The statute does not run against, among other things, replacement medicine; therefore, as the Commission found, Mrs. Hackler can still receive replacement for medicine and drugs if she can establish a connection to the original injury. Nevertheless, payment for replacement medicine does not revive a claim for additional benefits once the statute has run against other types of compensation. *Mohawk Rubber Company* v. *Thompson, supra*, deals with replacement of corrective shoes rather than replacement medicine and the court said:

> The Commission recognized that the furnishing of such shoes would not revive a claim already barred, but the Commission held that the running of the statute had been interrupted as to a claim for additional compensation.

*Alred* v. *Jackson Atlantic, Inc.*, 268 Ark. 695, 595 S.W. 2d

249 (Ark. App. 1980), offers no support for appellee's position. In that case not only were drugs purchased by claimant through the years, but claims for reimbursement were constantly made within the statutory period. Thus in *Alred*, the statute of limitations never ran long enough to present a bar. The issue there was whether the furnishing of medicine constitutes "payment of compensation" within the meaning of Section 18(b). This court determined that drug payments did constitute "payment of compensation", and, accordingly, held that claims therefore .interrupted the running of the statute. However, in the case now before us, it is undisputed that Mrs. Hackler did not file any claims for compensation for several years between 1973 and December 9, 1976. Her belated claims for other forms of compensation are, therefore, absolutely barred. While claims for replacement medicine may toll the running of the statute of limitations, such claims cannot revive once the statute has run against other forms of compensation.

The decision of the Circuit Court is reversed and the case remanded with directions to reinstate the decision of the Arkansas Workers' Compensation Commission.