Arlie EVANS *v.* NORTHWEST TIRE SERVICE and
Tri-State Insurance Company

CA 87-171                                                    740 S.W.2d 151

Court of Appeals of Arkansas
En Banc
Opinion delivered December 2, 1987
[Rehearing denied January 13, 1988.*]

*Corbin, C.J., would grant rehearing.

*Jay N. Talley*, for appellant.

*Mashburn & Taylor*, by: *Michael H. Mashburn*, for appellees.

JOHN E. JENNINGS, Judge. Arlie Evans sustained a compensable shoulder injury in 1976 while working for Northwest Tire Service. He was awarded permanent partial disability and received his last benefit payment on February 14, 1980. Since then the employer has paid bills for doctor visits and prescription drug refills. Evans's condition deteriorated in 1985, and he was hospitalized. He filed a claim for additional benefits, alleging that he had become permanently and totally disabled on April 23, 1985.

The issue is whether the claim is barred by the statute of limitations. The Commission held that the claim was barred, relying on *Mohawk Rubber Co.* v. *Thompson*, 265 Ark. 16, 576 S.W.2d 216 (1979), and distinguishing *Alred* v. *Jackson Atlantic, Inc.*, 268 Ark. 695, 595 S.W.2d 249 (Ark. App. 1980). We disagree and reverse.

The applicable statute is Ark. Stat. Ann. § 81-1318(b) (Repl. 1976), which provides:

> In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of the injury, whichever is greater. The time limitations for this subsection shall not apply to claims for replacement of medicine, crutches, artificial limbs, or other apparatus permanently or indefinitely required as the result of a compensable injury, where the employer or carrier previously furnished such medical supplies.

Since 1980, no uninterrupted one year period has passed without Evans receiving some payments, although from 1983 through 1985, Evans was furnished with replacement medicine only.

Our review of *Mohawk, Alred*, and a third case, *Terminal Van & Storage* v. *Hackler*, 270 Ark. 113, 603 S.W.2d 893 (Ark. App. 1980), indicates that the three cases are reconcilable. We have come to the conclusion that the Commission misinterpreted *Mohawk* and failed to follow our decision in *Alred*.

In *Mohawk*, the claimant sustained a work-related injury to his foot. On August 10, 1973, the claimant was released from treatment by his doctor and furnished a pair of orthopedic shoes. On August 28, 1974, the claimant was furnished with a second pair of orthopedic shoes and in May 1975, he brought a claim for additional benefits. The Commission held that the statute of limitations had been tolled by the furnishing of the second pair of orthopedic shoes and that the claim was not barred.

The court reversed, noting that "there was no interruption of the statute between August 10, 1973 and August 28, 1974. Thus, both the two year statute from the date of the injury and the one year statute from the last payment of compensation had run when the claimant was furnished a second pair of shoes on August 28, 1974."

Noting that the second sentence of § 81-1318(b) was added when the statute was amended in 1968, the court went on to say:

> The manifest purpose of the 1968 amendment was to extend the statute with respect to an employee's right to obtain the *replacement* of medicine, crutches, artificial limbs, and other apparatus that would be *permanently or indefinitely required* as a result of the original compensable injury. This case illustrates the beneficent purpose of the amendment, for without it this claimant would not have been able to obtain a second free pair of orthopedic shoes on August 28, 1974, because both the two-year and the one-year statutes had already run. Thus the new sentence is actually an exception to the basic rule of limitations. The exception cannot fairly be broadened to mean, for example, that simply because a crutch furnished

by the employer happens to break and needs replacement ten years after the injury, a new period of limitations should begin to run with respect to claims for surgery, permanent partial or total disability, and all the other benefits provided by the act. The scope of a reasonable and logical exception to the rule of limitations should not be extended beyond the defect that it was evidently designed to correct. Even a liberal construction of a statute must still be consistent with its basic intent. (emphasis in original.)

█ In *Alred* the claimant suffered a compensable injury in 1970. In 1978, the claimant's condition deteriorated and she sought additional benefits. The issue in *Alred* was whether the furnishing of replacement medicine would constitute "payment of compensation" so as to toll the statute of limitations. We followed the rule announced many years ago by the Arkansas Supreme Court that payments for medicine are a part of "compensation" within the meaning of the Workers' Compensation Act, citing *Reynolds Metal Co.* v. *Brumley*, 226 Ark. 388, 290 S.W.2d 211 (1956) and *Ragon* v. *Great American Indemnity Co.*, 224 Ark. 387, 273 S.W.2d 524 (1954). We reversed the Commission's decision that the claim was barred by the statute.

In *Terminal Van & Storage* v. *Hackler, supra,* we made the distinction between *Mohawk* and *Alred* clear. In *Terminal Van*, we said:

The statute does not run against, among other things, replacement medicine; therefore, as the Commission found, Mrs. Hackler can still receive replacement for medicine and drugs if she can establish a connection to the original injury. Nevertheless, payment for replacement medicine does not revive a claim for additional benefits once the statute has run against other types of compensation.

█ We said that the difference between *Alred* and *Mohawk* was that in *Alred*, *"the statute of limitations never ran long enough to present a bar."* Finally, we said, "[w]hile claims for replacement medicine may toll the running of the statute of limitations, such claims cannot revive once the statute has run against other forms of compensation."

■ This is the critical distinction. "Replacement medicine" is certainly "medicine" and therefore, a payment for replacement medicine is "payment of compensation" within the meaning of § 81-1318(b) and the supreme court's decisions in *Reynolds Metal Company* and *Ragon, supra.* Therefore, the furnishing of replacement medicine may toll the running of the statute. On the other hand, if more than one year passes between the furnishing of replacement medicine to the claimant, a claim for additional compensation may well be barred by the statute because such claims are not *revived* once the statute has run.

■ In its majority opinion the Commission expressed its concern that, if Evans's position was adopted, the statute of limitations would never run on someone who refills his prescription once a year for the rest of his life. It is certainly a proper part of the Commission's business to be concerned about the practical effect of a given construction of the Workers' Compensation Act, but we answered this argument in *Alred*:

> This holding does not mean that a claimant may toll the statute merely by refilling a prescription. The statute specifically says medication which is "reasonably necessary" for the injury suffered. What is considered "reasonably necessary" will depend on the facts and circumstances of each case.

For the reasons stated the decision of the Commission is reversed, and this case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

CORBIN, C.J., dissents.

DONALD L. CORBIN, Chief Judge, dissenting. The majority views the issue in this case as simply whether appellant's claim is barred by the statute of limitations. I disagree. The issue is whether compensation for prescription refills *only*, received during the statutory period set out in Arkansas Statutes Annotated § 81-1318(b) (Repl. 1976), tolls the statute for additional medical benefits.

In this case, the Commission denied appellant's claim for additional medical benefits relating to his 1976 compensable

injury because the statute of limitations had expired. The majority reversed the Commission finding the statutory period had not expired because no uninterrupted one year period had passed without appellant receiving some type of payments. For a two year period immediately preceding his present claim, the majority concedes that appellant received no additional medical treatment incident to his original injury other than prescription refills.

Arkansas Statutes Annotated § 81-1318(b) is clear and unambiguous. Under the statute, a claimant is not eligible to receive compensation for additional medical benefits unless the claim is filed within one year of the date of last payment of compensation or two years from the date of the injury. The statute's 1968 amended sentence goes on to explain that the limitations period for additional benefits *shall not apply* to replacement of medicine, crutches, artificial limbs, etc., required as a result of the compensable injury. In this case, appellant is clearly entitled to receive replacement medicines indefinitely under the express language of the amended sentence of Arkansas Statutes Annotated § 81-1318(b). However, it is also clear that merely receiving replacement medicines without any medical treatment will not operate to toll the statute for additional benefits once the statutory period has run. On October 5, 1983, appellant received medical treatment relating to his compensable injury, and the evidence is uncontradicted that he did not receive any further medical treatment for the next two years other than having his prescriptions refilled. On April 23, 1985, appellant filed for additional medical benefits. The Commission correctly held that appellant was not entitled to compensation for additional benefits because the statute had run since no claim was filed within one year of October 5, 1983.

There are three pertinent cases that interpret Arkansas Statutes Annotated § 81-1318(b): *Mohawk Rubber Company* v. *Thompson*, 265 Ark. 16, 576 S.W.2d 216 (1979); *Terminal Van and Storage* v. *Hackler*, 270 Ark. 113, 603 S.W.2d 893 (Ark. App. 1980); *Alred* v. *Jackson Atlantic, Inc.*, 268 Ark. 695, 595 S.W.2d 249 (Ark. App. 1980). In its opinion, the majority found the three cases reconcilable and concluded that the Commission misinterpreted *Mohawk* and failed to follow *Alred*.

It is my opinion that *Alred* is not controlling because there the court reached its decision based on the facts of that case. The court held that payments for medicine were considered payment of compensation for purposes of tolling the statute of limitations under Arkansas Statutes Annotated § 81-1318(b). To reach this conclusion, the court relied on Arkansas Statutes Annotated § 81-1311 (Supp. 1985) which provides in pertinent part as follows:

> The employer shall promptly provide for an injured employee such medical, surgical, hospital, and nursing services, and *medicine* [crutches, artificial limbs and other apparatus] as may be *reasonably necessary* for the treatment of the injury received by the employee.

*Id.* at 697, 595 S.W.2d at 250.

In *Alred*, the court stated that what is considered "reasonably necessary" will depend on the facts and circumstances of each case. In making its decision, the *Alred* court considered evidence that the Administrative Law Judge's decision, that was affirmed by the Commission, awarded all "reasonable future medical expenses" to the claimant. The court also stated:

> In the instant case, there is evidence in the record to indicate that claimant may have been receiving medicine during the period in which respondent claims that the one year statute of limitations had run uninterrupted. For instance, a letter dated May 24, 1978, from respondent to Dr. Lohstoeter states:
>
> > Munford, Inc., is continuing under responsibility to provide medical benefits to Dorothy Alred as the result of July 3, 1970 injury. We, as you may know, are continuing to receive various hospital bills and bills from other suppliers for treatment to Mrs. Alred.

*Id.* at 699, 595 S.W.2d at 251-52.

The *Alred* opinion points out that its decision was based on its facts, and it is my opinion that the factual distinction there turned largely on the above letter. In holding that payments for medicine constitute "payment of compensation" within Arkansas Statutes Annotated § 81-1318(b), the court stated, "The Workers' Compensation Act is highly remedial and is therefore

entitled to a liberal construction. [citations omitted] This holding does not mean that a claimant may toll the statute merely by refilling a prescription." *Id.* at 699, 595 S.W.2d at 252. If merely refilling a prescription will not toll the statute, then in the case at hand, the statute ran against claims for additional benefits because appellant received no benefits other than prescription refills during the statutory period.

Five months after *Alred*, this court again considered a claim for additional benefits in *Terminal*. There the claimant sustained a compensable injury in 1969 and received medical treatments until 1972. The claimant filed no claims for benefits between September 1972 and December 1976; however, evidence indicates that claimant had received replacement medicine during these years. Discussing Arkansas Statutes Annotated § 81-1318(b), the court stated, "The language of the section is clear and unambiguous. A claim for additional compensation is barred if it is not filed with the Commission within either the one-year or two-year limitation periods." *Terminal*, 270 Ark. at 115, 603 S.W.2d at 895. Upon this basis, the court denied the claim for additional medical benefits, but awarded claimant proven medical expenses relating to the compensable injury in 1969, that were not specifically barred by the statute, i.e., replacement medicines, etc. The court held that payment for the replacement medicine does not revive a claim for additional benefits once the statute has run against other types of compensation.

In the present case, the Commission denied appellant additional benefits relying in part on *Mohawk*. As the majority points out, the claimant in *Mohawk* was also denied additional medical benefits because both the one year and two year limitation periods set out in § 81-1318(b) had run; however, the court found that the claimant was still entitled to a second pair of orthopedic shoes under the beneficient purposes of 1968 amendment to that statute.

In this regard, the court in *Mohawk* stated: "The scope of a reasonable and logical exception to the rule of limitations should not be extended beyond the defect that it was evidently designed to correct. Even a liberal construction of a statute must still be consistent with its basic intent. [citation omitted]" *Mohawk*, 265 Ark. at 19, 576 S.W.2d at 218.

I agree that a claimant is entitled to compensation for medical treatment received within the statutory period. I also agree that receipt of medical treatment within the statutory period begins the statutory period anew; however, I strongly disagree that the period also begins anew each time a claimant receives compensation for any type of replacement medicine (prescription refills, crutches, orthopedic shoes, etc.). Because it is outside the statute, a claimant is clearly entitled to compensation for replacement medicine indefinitely if it can be shown to have resulted from the compensable injury. Accepting the majority's position will mean that a claimant can extend his employer's liability until his death by simply having a prescription refilled once a year. In my opinion, this is in direct contravention of the legislative intent of the statute.

The Commission cannot be reversed on appeal unless fair-minded persons, with the same facts before them could not have reached the conclusion arrived at by the Commission. *Marion Hospital Association* v. *Lanphier*, 15 Ark. App. 14, 688 S.W.2d at 322 (1985). While I sympathize with the claimant, I cannot conclude that fair-minded persons could not have reached the Commission's finding, and therefore, feel compelled to affirm their decision under the standards which our precedents require. Furthermore, any expansion of the act should come from the legislature, not the courts.