NORTHWEST TIRE SERVICE and Tri-State Insurance
Company *v.* Arlie EVANS

87-360                                        748 S.W.2d 134

Supreme Court of Arkansas
Opinion delivered April 18, 1988

*Mashburn & Taylor*, by: *Michael H. Mashburn*, for
petitioners.

*Bassett Law Firm*, by: *Curtis L. Nebben*, for amicus curiae
Tyson Foods, Inc.

*Walter A. Murray*, for amicus curiae Arkansas Self-Insured
Association.

*Jan N. Tolley*, for respondent.

DAVID NEWBERN, Justice. The sole issue to be considered
here is whether the furnishing, by an employer, of replacement
medicine to an injured employee is payment of "compensation"
and thus tolls the statute of limitations applicable to a workers'
compensation claim. The Arkansas Workers' Compensation
Commission held that it did not. The Arkansas Court of Appeals
reversed. We affirm the court of appeals.

The statute to be considered is Ark. Code Ann. § 11-9-

702(b) (1987):

> Time for Filing for Additional Compensation. In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of the injury, whichever is greater. The time limitations of this subsection shall not apply to claims for replacement of medicine, crutches, artificial limbs, and other apparatus permanently or indefinitely required as the result of a compensable injury, where the employer or carrier previously furnished such medical supplies.

The respondent, Arlie Evans, received a compensable injury in 1976. His partial disability payments ended in 1980, and payments for treatment other than medication ended in October, 1983. Thereafter, he received payments on his claim only for prescription refills. In April, 1985, Evans filed for additional benefits, claiming he had become permanently and totally disabled. The commission denied his claim on the ground that the statute of limitations had run. The court of appeals held that, because no one-year period had elapsed between payments, the limitations period had not run. To reach that decision, it was necessary to characterize furnishing prescription refills as "compensation."

The court of appeals relied on its decision in *Alred* v. *Jackson Atlantic, Inc.*, 268 Ark. 695, 595 S.W.2d 249 (Ark. App. 1980), in which it was clearly held that payments for prescription refills constituted compensation and thus tolled the statute. The petitioners suggest that the *Alred* case is distinguishable on the ground that the prescription refills there may have been "treatment" and here the commission has held they were "purely replacement medicine." The suggestion is that having a prescription filled may constitute "treatment" and the furnishing of it may toll the statute, but a refill is somehow not to be characterized as "treatment" because it is "purely replacement medicine." As the distinction escapes us, we move on to consider whether the *Alred* case should be overruled.

The petitioners contend the *Alred* decision "on the surface at

least" conflicted with our decision in *Mohawk Rubber Co. v. Thompson*, 265 Ark. 16, 576 S.W.2d 216 (1979). There we held that, because of the exceptions in the second sentence of the statute, a worker could be entitled to have his orthopedic footwear replaced, but that the replacement of the shoes more than two years after the injury and more than one year after the last payment of compensation would not revive the claim. There was no doubt in the *Mohawk* case that the statute had run because more than a year had elapsed between payments of compensation, and thus the court of appeals correctly distinguished it in its opinion in the *Alred* case.

In both the *Alred* case and the case now before us, the court of appeals noted that "compensation" includes the furnishing of medicine only to the extent that it is "reasonably necessary" for treatment of the compensable injury. *See* Ark. Code Ann. §§ 11-9-102(9), 11-9-508(a), and 11-9-509 (1987). This correct conclusion blunts the argument that by merely having a prescription refilled at the employer's expense an injured employee can forever prevent the statute from running.

■■ We appreciate the general assembly's interest in providing a time limitation on an injured employee's claim. We understand the legislative decision to tie the limitation to the continued furnishing of compensation. The period of treatment, including reasonably necessary medication, plus a year is a reasonable period in which to determine the full extent of the injury. We held in *Ragon v. Great American Indemnity Co.*, 224 Ark. 387, 273 S.W.2d 524 (1954), that medical payments constituted "compensation" in addition to disability payments for the purpose of determining an attorney fee under the workers' compensation law. Combining that decision with our understanding of the statute under consideration here and the policies behind it, we conclude the court of appeals' construction of the statute was correct. Even if there were substantial doubt about the legislative intent, we would interpret the statute liberally in favor of the injured worker, given the highly remedial nature of the workers' compensation law. *See Gill v. Ozark Forest Products, Inc.*, 255 Ark. 951, 504 S.W.2d 357 (1974); *McGhee Hatchery Co. v. Gunter*, 237 Ark. 448, 373 S.W.2d 401 (1963).

Affirmed.

HOLT, C.J. and HICKMAN and GLAZE, JJ., dissent.

JACK HOLT, JR., Chief Justice, dissenting. I respectfully dissent. I do not feel as though our holding in *Ragon* blends with the statute under consideration nor does it furnish us a basis for holding that the court of appeals' construction of the statute was correct. In dissenting to the court of appeals' construction, Chief Judge Corbin stated:

> Arkansas Statutes Annotated § 81-1318(b) is clear and unambiguous. Under the statute, a claimant is not eligible to receive compensation for additional medical benefits unless the claim is filed within one year of the date of last payment of compensation or two years from the date of the injury. The statute's 1968 amended sentence goes on to explain that the limitations periods for additional benefits *shall not apply* to replacement of medicine, crutches, artificial limbs, etc., required as a result of the compensable injury. In this case, appellant is clearly entitled to receive replacement medicines indefinitely under the express language of the amended sentence of Arkansas Statutes Annotated § 81-1318(b). However, it is also clear that merely receiving replacement medicines without any medical treatment will not operate to toll the statute for additional benefits once the statutory period has run. [Emphasis in original.]

I agree.

Judge Corbin, appropriately concludes: "[A]ny expansion of the act should come from the legislature, not the courts."

HICKMAN, J., joins in this dissent.