Kevin BYLER and Tanya Byler Moore, Mother *v.* STATE of Arkansas

91-102                                              810 S.W.2d 941

Supreme Court of Arkansas
Opinion delivered June 10, 1991

*Linda Scribner*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., *Catherine Templeton*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Kevin Byler is the six-year-old son of appellant Tanya Byler Moore. Mrs. Moore and Kevin bring this appeal from an adjudication order of the Benton Chancery Court, Juvenile Division, finding that the family is in need of services under the juvenile code. That finding is based on a petition of the prosecuting attorney alleging acts of burglary and criminal mischief by Kevin and a ten-year-old companion. The order directs Kevin to apologize to the victim and to attend counseling at the Ozark Guidance Center.

The only error alleged on appeal is that the state failed to meet the criteria for determining a family in need of services, as provided in Ark. Code Ann. § 9-27-303(16) (1987). The statute defines a family in need of services as including, but not limited to, being habitually absent from school without justification, habitually disobedient to the reasonable commands of parent or guardian, or absent from home without sufficient cause.

The testimony before the chancellor portrays an episode of vandalism of startling proportions: Joe Phillips, a contractor, testified that he had just completed the extensive remodeling of a home. He stopped to inspect the property and discovered Kevin and his companion in the process of systematically destroying the home and contents. Over fifty percent of oak cabinet doors throughout had been damaged, all interior doors were destroyed, a stainless steel sink, a garbage disposal and a marble lavatory were thrown over a railing into a ravine and destroyed; an airless spray paint machine and paint were destroyed, as were mattresses and box springs from twin beds; Levelor blinds were destroyed and each glass panel of three four by five Thermapane windows was broken. A refrigerator and stove were turned on their side. The only salvageable item was a compactor, only partially damaged. Mr. Phillips testified that the cost of the damage to him was $5,593.39, not including damaged articles belonging to the home-owners.

Appellants cite several general rules of statutory construction: legislative intent is obtained by considering the entire act [*Knapp* v. *State*, 283 Ark. 346, 676 S.W.2d 729 (1984)]; different sections are construed together [*Noggle* v. *Arkansas Valley Elec. Coop.*, 31 Ark. App. 104, 788 S.W.2d 497 (1991)]; "the express designation by statute of one thing may properly be

construed to mean the exclusion of another," *Chem-Ash, Inc.* v. *Arkansas Power & Light Co.*, 296 Ark. 83, 751 S.W.2d 353 (1988). Thus, appellants maintain that had the legislature intended to include conduct other than the three categories expressly covered, it would have said so.

It would be difficult to believe that the legislature meant to compose a statutory scheme that would empower juvenile courts to make an adjudication of a family in need of services based on truancy, disobedience and running away from home, but not on burglary and criminal mischief. However, we need not depend on conjecture, because even giving the maxim on which appellants rely its fullest drift, it is not an absolute: *Cook* v. *Arkansas Missouri Power Corp.*, 209 Ark. 750, 192 S.W.2d 210 (1946) ("Express designation of one thing in a statute *may* properly be construed to mean exclusion of another") [our emphasis]; *Little Rock & F.S.R. Co.* v. *Clifton*, 38 Ark. 205 (1881) ("The express of one thing *sometimes* implies the exclusion of another" [our emphasis.])

■ Here, it is entirely clear that by using the words "includes, but is not limited to," the legislature intended a broader concept of a family in need of services than the three illustrations listed in the statute. We conclude that the chancellor did not err in the adjudication of family in need of services and therefore the order is affirmed.