The Honorable John Threet Prosecuting Attorney, Fourth Judicial District Washington County Courthouse
280 North College, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Threet:
I am writing in response to your request for an opinion on the following questions concerning several statutes that delineate the rights of crime victims:
 1. Does "victim" as defined in A.C.A. § 16-90-1101(8) mean that the victim (non-sexual) must be both a minor and a victim of a violent crime or does it mean any victim of violent crime whether the victim is a minor or not? If so, does it then mean any victim of any crime as long as it is a victim who is a minor?
 2. Is A.C.A. § 16-90-1104(b)[1] exempt from the FOIA?
RESPONSE
While I do not entirely understand the interpretations you offer in your first question, it appears that you interpret subsection 16-90-1101(8)'s definition of the term "victim" to encompass only two categories: a victim of a sex offense or a minor who is a victim of a violent crime. For the reasons stated below, however, subsection 16-90-1101(8), in my opinion, establishesthree categories of persons who qualify as a "victim": victims of a "sex offense," victims of "violent crime," *Page 2 
and those minors who have been victimized by conduct that amounts to "an offense against a person who is a minor." As for your second question, subsection 16-90-1104(b) qualifies as a FOIA exemption, in my opinion.
DISCUSSION Question 1: Does "victim" as definedin A.C.A. § 16-90-1101(8) mean that the victim (non-sexual) must beboth a minor and a victim of a violent crime or does it mean anyvictim of violent crime whether the victim is a minor or not? If so,does it then mean any victim of any crime as long as it is a victimwho is a minor?
The General Assembly has delineated the rights of crime victims in A.C.A. §§ 16-90-1101 to 16-90-1115 (Repl. 2006). For purposes of those statutes, subsection 16-90-1101(8) defines "victim" as follows: "`Victim' means a victim of a sex offense or an offense against a victim who is a minor and a victim of any violent crime. . . ." It appears from your questions that you interpret "victim" as defined above as encompassing only two categories: a "victim" is either a victim of a sex offense or a minor who is a victim of violent crime.
In my opinion, however, "victim" encompasses three categories of persons, not just two. The statute defines "victim" to mean (1) a victim of a "sex offense"; or (2) those minors who have been victimized by conduct that amounts to "an offense against a person who is a minor"; or (3) a victim of any "violent crime." Here, each enumerated phrase identifies a separate category of victim.
This is the most common sense reading of the definition for two reasons. First, each of the three phrases corresponds to a term of art, which is extensively defined elsewhere. Subsections 16-90-1101(3), 16-90-1101(6), and16-90-1101(9) define the conduct that constitutes an "offense against a victim who is a minor," a "sex offense," and a "violent crime," respectively. Second, Arkansas's appellate courts require us to read subsection 16-90-1101(8) with those other three subsections in mind: "Different sections of the same statute must be construed together and full effect given to each section if it is possible to do so." E.g., Noggle v. Arkansas Valley Elec.Co-Op., 31 Ark. App. 104, 108, 788 S.W.2d 497 (1980). When we follow this principle of statutory construction, subsection 16-60-1101(8)'s awkward phrasing — "`Victim' means a victim of . . . an offense against a victim who is a minor" — makes sense.
PGPPage 3
Thus, each phrase in subsection 16-90-1101(8) denotes a victim of that specifically-defined crime. Because the three crimes are not coextensive, a person could be covered by one without being covered by the others. These observations indicate that each phrase is an independent means by which a person can be considered a "victim" under the statute.
Question 2: Does A.C.A. § 16-90-1104(b) qualify as anexemption from the FOIA?
In my opinion, subsection 16-90-1104(b) probably qualifies as a FOIA exemption. This subsection establishes a general rule of nondisclosure for certain information:
 A law enforcement agency shall not disclose to the public information directly or indirectly identifying the victim of a sex crime[2] except to the extent that disclosure is:
 (1) Of the site of the crime;
 (2) Required by law;
 (3) Necessary for law enforcement purposes; or
 (4) Permitted by the court for good cause.
The FOIA provides that all public records must be open to inspection "[e]xcept as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise."[3] Therefore, to determine whether subsection 16-90-1104(b) constitutes a FOIA exemption, we must determine whether the statute "specifically provide[s]" for such an exemption.
The Arkansas Supreme Court has held and this office has opined that some statutes "specifically provide" for a FOIA exemption even though those statutes do not cite or mention the FOIA. The set of statutes that amount to FOIA exemptions can be
PGPPage 4
roughly divided into two subsets. One subset exempts records when the statute requires the records be kept "confidential" or "not disclosed to the public."[4] The statutes in the other subset amount to FOIA exemptions because they limit disclosure either to certain persons or for certain purposes. For example, this office opined that a statute limiting disclosure of certain drivers' license records to specific persons qualifies as a FOIA exemption. Op. Att'y Gen. 91-111; see generally Op. Att'y Gen. Nos. 2002-064, 97-278, 94-100. Further, this office has held that a statute limiting the use of certain records to only "statistical purposes" is sufficiently specific to qualify as a FOIA exemption. Op. Att'y Gen. 85-195.
Because subsection 16-90-1104(b) specifically provides for nondisclosure "to the public," it likely amounts to a FOIA exemption under the first of the above two subsets. Cf. John J. Watkins Richard J. Peltz, The Arkansas Freedom of InformationAct 221, n. 549 (4th ed., m m Press 2004) (reaching the same conclusion).
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] While your question only references "16-90-1104," I assume you mean 16-90-1104(b), which is the only provision in16-90-1104 specifically dealing with public records.
[2] Note that the nondisclosure provision only applies to victims of a "sex crime."
[3] A.C.A. § 25-19-105(a)(1). The General Assembly has recently required all new or expanded FOIA exemptions to specifically mention the FOIA. A.C.A. § 25-19-110 (Supp. 2009). Because section 16-90-1104 is neither new nor expanded, the new rule does not apply.
[4] A relevant Arkansas Supreme Court case is Byrne v.Eagle, 319 Ark. 587, 892 S.W.2d 847 (1995) (holding that a FOIA exemption was established when the statute required that certain documents "shall be confidential and shall not be open to the public"). Some relevant opinions from this office include the following: Op. Att'y Gen. Nos. 2002-064, 99-451, 97-278, 95-262, 93-106, 93-002, 91-437, 91-241, 91-111, 85-195. *Page 1